UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JILL STEIN and RANDALL REITZ,

                    Plaintiffs,

          -against-

PEDRO A. CORTÉS, in his official capacity as Secretary
of the Commonwealth; and JONATHAN MARKS, in his
official capacity as Commissioner of the Bureau of
Commissions, Elections, and Legislation,

No. 16 Civ. 6287

**DECLARATION IN SUPPORT
OF MOTION FOR
PRELIMINARY INJUNCTION**

          ALISON FRICK declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746,

that the following is true and correct:

          1.  I am a member of the firm Emery Celli Brinckerhoff & Abady LLP ("ECBA").

We represent Plaintiffs in this matter. My application for admission *pro hac vice* is forthcoming.

          2.  On Wednesday, November 30, 2016, I observed a recount conducted at the

Lehigh County Board of Elections, in Allentown, Pennsylvania.

          3.  Before the recount started, I made a formal request of the Chief Clerk and County

Solicitor John M. Ashcraft, III, that the electronic voting machines and election management

system be forensically analyzed by an independent team of experts to assess whether malware,

tampering, or other error may have altered the computation of the vote.

          4.  I reminded Mr. Ashcraft and the Chief Clerk that the petitions filed by voters

seeking recounts had explicitly asked for a forensic evaluation of the electronic voting machines.

          5.  The three members of the Lehigh County Board of Elections were present in the

office.

6.  Mr. Ashcraft conferred with the Board members. He then told me that the Board would proceed with the recount as planned, after which the Board would formally meet to consider my request and vote on it.

7.  I agreed to this plan.

8.  The Chief Clerk led the recount. He permitted all of the volunteers who had arrived at the office to observe the entire process.

9.  Midway through the process, the Board convened its meeting. I argue that, because the electronic voting machines produced no voter-verifiable paper record, and because a recanvass of the machines would simply reprint the vote tallies from the machine, a forensic examination of the machines and management system was necessary to ensure that the votes had been tabulated correctly without interference. I answered questions posed by the Board. The members of the public present were also permitted to speak; everyone who spoke requested that the Board allow the forensic audit of the machines.

10. Mr. Ashcraft informed the Board that, in his interpretation of the law, the Board was authorized but not required to permit a forensic examination.

11. Ultimately, the Board voted unanimously to deny the petitions for a forensic evaluation of the voting machines.

Dated: New York, New York
       December 5, 2016

ALISON FRICK