UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

JILL STEIN and RANDALL REITZ,

        Plaintiffs,

v.

PEDRO A. CORTÉS, in his official capacity as Secretary of the Commonwealth; and JONATHAN MARKS, in his official capacity as Commissioner of the Bureau of Commissions, Elections, and Legislation,

        Defendants.

No. 16-CV-8287

---

## DECLARATION OF DOUGLAS E. LIEB

I, DOUGLAS E. LIEB, hereby declare under penalty of perjury:

1. I am an attorney admitted to practice in California, New York, and the United States District Courts for the Southern and Eastern Districts of New York.

2. I am an associate at the firm of Emery Celli Brinckerhoff & Abady LLP, counsel for Plaintiffs in this action and counsel for Jill Stein and the Jill Stein for President Campaign (the "Campaign") in connection with 2016 election recounts in Pennsylvania, Michigan, and Wisconsin. My application for admission *pro hac vice* in this matter is forthcoming.

3. On November 28, 2016, I was helping voters file recount petitions in Chester County when I received a call from a volunteer explaining that the Montgomery County Board of Elections was rejecting voter petitions.

4. I went to the Montgomery County Board of Elections in Norristown and spoke with two county attorneys. They explained their position that the voters' petitions were untimely

and needed to be filed in the Court of Common Pleas. They said that the Board of Elections would not accept the original petitions but would accept a "service copy" of the petitions.

5. At the instruction of these County officials, I coordinated the filing of the petitions across the street with the Prothonotary in the Court. The Prothonotary advised us that a $269.50 filing fee was required for each complete petition supported by three voter affidavits.

6. The Campaign paid the cost of filing 78 voter petitions with the Prothonotary, or $21,021.00 total.

7. Separately, on December 2, 2016, I appeared along with local counsel on behalf of Dr. Stein and the Campaign at a hearing in the Allegheny County Court of Common Pleas concerning a recanvass in Allegheny County. A transcript of that hearing is not yet available.

8. The Allegheny County Elections Division received petitions from voters on November 28 and announced it would conduct a recanvass. The Pennsylvania Republican Party and Allegheny County Republican Party appealed that determination under 25 P.S. § 3157, arguing that the petitions were not timely because they were filed after the Elections Division completed the initial computation of votes. Dr. Stein and the Campaign took the position that: (1) the initial computation of votes was never formally completed because the members of the Board of Elections never signed the unofficial returns (or "preliminary certification"); and (2) regardless, the petitions would be timely because they were filed within five days of the completion of computation. *See* 25 P.S. § 3154(f).

9. The director of the Elections Division testified, in substance, that it is the usual practice of the Allegheny County Board of Elections to sign the preliminary certification at the same meeting at which it signs the final certification of the election results.

10. The county solicitor did not defend the timeliness of the voters' petitions but instead argued the recanvass should proceed on equitable grounds. The solicitor said in his closing argument at the hearing, in substance, that he had given the Election Division bad legal advice about the timeliness of the petitions and that the petitions were not timely.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 5, 2016

_____
DOUGLAS E. LIEB