# Exhibit 12

## AFFIDAVIT and DECLARATION OF EMILY NELSON

Emily Nelson, being duly sworn, declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am a resident of Delaware County, Pennsylvania.  I am also a licensed and practicing attorney.

2.      I voted in the 2016 general election.

3.      After the election, I volunteered to assist in efforts to seek a recount of the vote for president in Delaware County.

4.      On or about November 27, 2016, I participated in a conference call for recount volunteers and learned from a woman named Rebecca Luzi that she and a group of other Delaware County citizens had attended a Delaware County Bureau of Elections meeting on November 23, 2016.

5.      Ms. Luzi informed me and other people on conference call that her group had announced at the beginning of the meeting that they intended to seek an audit or recount of the presidential vote.  They were told to hold all questions or comments until the end of the meeting. Then, during the meeting, the Election Board apparently voted to certify the results of the 2016 election.

6.      Ms. Luzi reported that when the meeting was opened up for questions, Ms. Luzi and her group reiterated that they were seeking an audit of the election results.  After conferring with the County Solicitor, who was present, the Board responded that there was no such thing as an audit.  The Board indicated that while citizens could request a recount, any such request would now be untimely because the election results had already been certified.  The Board

conveyed the impression that citizens had no remaining avenue available to question or challenge the results.

7.      I have since learned that this is untrue; Pennsylvania law allows for citizens to petition for a recount within five days after the results in their precinct have been certified, pursuant to 25 Pa. C.S. 3154(e), and that petitions filed during this period are properly brought before the Board of Elections and not the court of common pleas. *In re Reading School Bd. Election*, 535 Pa. 32, 37-38. However, on the basis of the information Ms. Luzi conveyed to me (which originated from the County and which I therefore assumed would be authoritative and correct), I did not personally undertake any further efforts to organize the filing of affidavits to request a recount in my precinct. Many other Delaware County residents acted similarly, and as a result efforts at requesting recounts in precincts within the County were severely dampened.

8.      On or about November 28, 2016, I learned about efforts that some other Delaware County residents were undertaking to file recount requests with the County. I learned that, notwithstanding the misinformation that had been provided at the Election Board meeting, the Board was accepting affidavits requesting a recount for filing. Although it was too late for me to effectively organize such an effort with respect to my own precinct, I volunteered to assist others in the County who were doing so.

9.      I personally delivered a set of affidavits to the Bureau of Elections office on Monday, November 28. When I arrived, there was another woman in line ahead of me who was waiting to file recount requests. There were two individuals working behind the counter, but they said that we would have to wait to speak with the Chief Clerk Laureen Hagan, because she

2

was the only person who could help us with issues relating to requesting a recount.  They informed us that the Chief Clerk was on the phone.

10.      The Chief Clerk did not see us for at least 20 minutes.  Eventually, she came out of her office and spoke to us.  The Chief Clerk directed our attention to a notice posted in the office with the heading "**ATTENTION**."  A copy of that notice is attached hereto as Exhibit A. The notice said, among other things, that "The Bureau of Elections will accept documents submitted by the filer."  It also said: "Election law as passed by the legislature and interpreted by the Courts has become increasingly complex.  The Bureau of Elections encourages you to consult with your political party or an attorney regarding your election questions."

11.      Without explaining her basis for doing so, the Chief Clerk then demanded to know whether the woman standing in line ahead of me was the affiant swearing to the affidavits she was submitting.  The woman explained that she was delivering her own affidavits and others. The Chief Clerk then demanded to know whether I was a signatory to the affidavits I was delivering.  I told her that I was not.

12.      The Chief Clerk then demanded that I identify myself.  I explained that I am an attorney, and explained that my identity was irrelevant because I was only there to deliver affidavits for filing.  The Chief Clerk demanded that I provide my contact information and attorney identification number.  I explained that this was unnecessary as I was not entering any kind of appearance.  Nevertheless, I complied with these demands, largely because I did not wish to hold up the business of the office any further.  Based on her demeanor and the tone of the exchange, I was left with the distinct impression that the Chief Clerk was seeking to learn identifying information about me to use for future retaliation of some kind.

3

13.     While I was at the office, I asked the Chief Clerk who would be overseeing any recount if one were to be performed.  Her response was that she could not tell me the answer.  I asked who would be deciding whether to conduct a recount, and was again told that the Chief Clerk could not tell me  I asked when a decision could be expected, and was again told that the Chief Clerk could not answer me..

14.     No one at the Bureau of Elections told me or the other woman that our affidavits were being rejected, nor were we told that we needed to file anything in court (or do anything else) to request a recount.

15.     Also on Monday, November 28, the Pennsylvania Department of State issued a memorandum providing guidance to the various counties on how to handle recount petitions.  A copy of that memorandum is attached hereto as Exhibit C.  The memorandum explained that the validity of a recount petition would depend on when each county had finished or would finish computing the results of the election.  On the morning of Tuesday, November 29, I personally called the Pennsylvania Department of State, using the telephone number for Jonathan M. Marks listed on the memorandum.  The person who answered the phone identified herself as Tina Lynch.  I asked the person who answered the phone how I could find out the status of the computation of the election results in my county.  The person said, in sum and substance: "I'm in Commissions; I'll have to transfer you to Elections."  My phone call was then immediately disconnected.  I called back immediately and my call went directly to voicemail.  I attempted to call back repeatedly with the same result.

16.     On December 1 and December 2, 2016, the individuals whose affidavits I had delivered to the Bureau of Elections on November 28 received letters in the mail from the Chief

4

Clerk. The letters were dated November 29, 2016, even though they were not received that day. An example of one such letter, which was sent to Francis and Rebecca Luzi, is attached hereto as Exhibit B. The letter stated, in relevant part: "I am returning to you the original documents you filed with the Bureau of Elections on Monday, November 28, 2016. I have reviewed your filing with my Solicitor and neither the Bureau of Elections nor the County Board of Elections has the statutory authority to consider your request." The letter also enclosed a copy of the notice that had been posted at the Bureau of Elections office on Monday, November 28 when I was there.

17. By statute, an affiant has only two days to appeal the denial of a recount request. Normally, mail sent from the Bureau of Elections—which is located across the street from the Post Office—should take no more than one business day to arrive at a destination within Delaware County. Accordingly, I find the fact that the letters were dated November 29, but received on December 1 and December 2 (arguably after any appeal would have been untimely), very suspicious.

18. Even though I provided my contact information and attorney identification number to the Chief Clerk, I was never told anything about what became of the affidavits that we submitted.

19. To my knowledge, no recount was conducted based on the affidavits I or anyone else in Delaware County submitted.

5

20.     I am concerned that my vote and the votes of my fellow citizens were not counted accurately in the election, and would like a manual recount of every paper ballot and a forensic examination of the electronic voting systems in Pennsylvania to make the vote had integrity and every vote counted.

Dated:         December _4_, 2016
               _Medra_, Pennsylvania

_____
Emily Nelson

 Sworn to and subscribed

before me this _4th_ day

of _December_, 2016.

```
COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DEBORAH M. HAWKINS, Notary Public
Media Boro., Delaware County
My Commission Expires December 6, 2017
```

_____
NOTARY PUBLIC

6