IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL STEIN , et al. | : | |
| Plaintiffs, | : | CIVIL ACTION |
| v. | : | |
| PEDRO A. CORTÉS, in his capacity as | : | |
| Secretary of the Commonwealth, et al. | : | NO. 16-6287 |
| Defendants. | : | |

**RESPONSE OF SECRETARY CORTÉS AND COMMISSIONER MARKS
TO THE MOTION TO INTERVENE**

Secretary Pedro A. Cortés and Commissioner of the Bureau of Commissions, Elections, and Legislation Jonathan Marks take no position on the proposed intervenors' motion for permissive intervention but do oppose their motion to intervene as of right and incorporate the attached brief in support of this response.

Respectfully submitted,

BRUCE R. BEEMER
Attorney General

Kenneth L. Joel
Attorney I.D. No. 72370
Chief Deputy Attorney General

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: 717-787-8106

/s/ Sue Ann Unger
Sue Ann Unger
Attorney I.D. No. 39009
Senior Deputy Attorney General

Office of Attorney General
21 South 12th Street, 3d Floor
Philadelphia, PA 19107
 215 560 2127; fx: 717

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL STEIN, et al. | : | |
| Plaintiffs, | : | CIVIL ACTION |
| v. | : | |
| PEDRO A. CORTÉS, in his capacity as | : | |
| Secretary of the Commonwealth, et al. | : | NO. 16-6287 |
| Defendants. | : | |

**BRIEF OF SECRETARY CORTÉS IN RESPONSE TO MOTION TO INTERVENE**

Secretary Cortés and Commissioner of the Bureau of Commissions, Elections, and Legislation take no position on the proposed intervenors' motion for <u>permissive</u> intervention but do oppose their motion to intervene as of right. As detailed below, the Secretary and Commissioner take issue with any suggestion that they will not adequately defend the challenged statute.

One factor that the intervenors must show to succeed for their motion to intervene as of right is that their interest is not adequately represented by the defendants. Fed.R.Civ.P. 24(a)(2). "The burden of establishing inadequacy of representation by existing parties varies with each case." *Kleissler v. U.S. Forest Service*, 157 F.3d 964, 972 (3d Cir. 1998). Nevertheless, the burden always rests with "the applicant for intervention" who must 'show that [its] interests are not adequately represented by the existing parties.'" *Brody v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992) (quoting *Hoots v. Pennsylvania*, 672 F.2d 1133, 1135 (3d Cir. 1982) (internal quotation marks omitted)) (recently quoted in *Clean Earth, Inc. v. Endurance Am. Ins.*, No. CV 15-6111(FLW), 2016 WL 5422063, at *5 (D.N.J. Sep. 28, 2016). Intervenors correctly assert that "[t]he requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972) (citation omitted . Nonetheless,

"[w]here the applicant and the existing party have the same ultimate objective, intervention as of right may not be appropriate as a presumption arises that the applicant's interests are adequately represented." *Clean Earth*, 2016 WL 5422063, at *5 (citing *In re Community Bank of N. Va. Guar. Nat'l Bank of Tallahassee Second Mortgage Loan Litig.*, 418 F.3d 277, 315 (3d Cir. 2005) (citation omitted).

Intervenors provide no basis to meet their burden of proof regarding their assertion of inadequate representation. "Typically, '[t]o overcome the presumption of adequate representation, the proposed intervenor must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit.' *Clean Earth,* 2016 WL 5422063, at *5 (citing *In re Comty Bank*, 418 F.3d at 315). Here, the intervenors do nothing to establish divergent interests.

Therefore their motion for intervention as of right should be denied. The Secretary and Commissioner take no position on whether the intervenors' motion for permissive intervention should be granted.

                                                                Respectfully submitted,

                                                                BRUCE R. BEEMER
                                                                Attorney General

                                                                Kenneth L. Joel
                                                                Attorney I.D. No. 72370
                                                                Chief Deputy Attorney General

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: 717-787-8106

                                                                /s/ Sue Ann Unger
                                                                Sue Ann Unger
Office of Attorney General                      Attorney I.D. No. 39009
21 South 12th Street, 3d Floor               Senior Deputy Attorney General
Philadelphia, PA 19107
 215 560 2127; fx: 717

CERTIFICATE OF SERVICE

I, Sue Ann Unger, Sr. Deputy Attorney General, hereby certify that on December 6, 2016, I caused to be served a true and correct copy of the foregoing Response to Motion to intervene via the method identified below:

VIA E-SERVICE

Gregory M. Harvey
Mongtomery, McCracken, Walker & Rhoads
123 South broad Street
Philadelphia, PA 19109
215 772-7684; fx 215 772-7620
Counsel for Plaintiffs

Lawrence J. Tabas
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Ctr 19th Fl.
1617 J.F.Kennedy Blvd.
Philadelphia, PA 19103-3165
215 665-3158, Fx 215 665-3165
Lawrence.tabas@obermayer.com
Counsel for Movants
VIA FIRST CLASS MAIL (prepaid)

Ilann M. Maazel
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Ave., 10th Fl.
New York, NY 10020
212 763-5000
Counsel for plaintiffs

|  |  |
|---|---|
|  | /s/ Sue Ann Unger |
|  | Sue Ann Unger |
| Office of Attorney General | Attorney I.D. No. 39009 |
| 21 South 12th Street, 3d Floor | Senior Deputy Attorney General |
| Philadelphia, PA 19107 |  |
| 215 560 2127; fx: 717 |  |