## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JILL STEIN, et al.,     :

    Plaintiffs,   :

          :

v.          :  **Civ. No. 16-6287**

          :

PEDRO A. CORTÉS, *in his official* :

*capacity as Secretary of the*  :

*Commonwealth*, et al.,   :

          :

    Defendants.  :

**FILED**

DEC – 8 2016

LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

---

## BRIEF OF *AMICUS CURIAE* THE AMERICAN CENTER
## FOR LAW AND JUSTICE IN SUPPORT OF DEFENDANTS AND
## DEFENDANT INTERVENORS

---

GREGORY R. REED
 (PA. No. 23705)
JOSHUA A. REED
 (PA. No. 307666)
REED LAW
4303 Derry Street
Harrisburg, PA 17111
Telephone: (717) 238-0434
Facsimile: (717) 238-8469
Email: lawoffice@reedpalaw.com
*Associate Counsel for Amicus Curiae*

JAY ALAN SEKULOW[*]
STUART J. ROTH[**]
COLBY M. MAY[**]
CECE HEIL[**]
MATTHEW R. CLARK[**]
BENJAMIN P. SISNEY[**]
OLIVIA F. SUMMERS[**]
AMERICAN CENTER FOR LAW AND JUSTICE
201 Maryland Avenue, NE
Washington, D.C. 20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: sekulow@aclj.org
*Counsel for Amicus Curiae*

[*]*Application for Admission Pro Hac Vice forthcoming*
[**]*Not admitted in this jurisdiction*

# TABLE OF CONTENTS

TABLE OF CITATIONS ........................................................................ ii

STATEMENT OF INTEREST OF *AMICUS CURIAE* ........................................... 1

ARGUMENT........................................................................................ 2

THE STATE LAWS PLAINTIFFS CHALLENGE SUFFICIENTLY PROTECT THE CONSTITUTIONAL RIGHT TO VOTE...................................................... 2

I.   ELECTION CONTEST EFFORTS IN STATE COURT FAILED FOR "LEGAL INSUFFICIENCY" PURSUANT TO UNREMARKABLE PLEADING AND EVIDENTIARY REQUIREMENTS, *NOT* UNCONSTITUTIONALITY. ........................................................... 4

II.  PENNSYLVANIA'S AUTOMATIC STATEWIDE RECOUNT PROVISION SUFFICIENTLY PROTECTS ITS CITIZENS' CONSTITUTIONAL RIGHT TO VOTE. ....................................................................... 9

CONCLUSION.................................................................................. 11

# TABLE OF CITATIONS

## CASES

*Ayre's Contested Election*, 287 Pa. 135, 134 A. 477 (1926) ..................................... 7

*Bush v. Gore*, 531 U.S. 98 (2000).......................................................................... 1, 11

*FEC v. Wisconsin Right to Life*, 551 U.S. 449 (2007) ............................................. 1

*Ferring Pharms., Inc. v. Watson Pharms., Inc.*,
    765 F.3d 205 (3d. Cir. 2014) ........................................................................ 2, 4-5

*In re: The Matter of the 2016 Presidential Election*,
    659 MD 2016 (Pa. Cmmw. Ct.) .................................................................. *passim*

*Madigan Appeal*, 253 A.2d 271 (1969) ............................................................. *passim*

*McConnell v. FEC*, 540 U.S. 93 (2003) ................................................................... 1

*Meier v. Maleski*,
    648 A.2d 595, 600 (Pa. Cmmw. Ct. 1994) ......................................................... 5

*Newport Twp. Election Contest*, 121 A.2d 141 (1956)............................................. 6

*Pazdrak's Contested Election*,
    288 Pa. 585, 137 A. 109 (1927)........................................................................... 6

*Smolsky v. Pa. Gen. Assembly*,
    34 A.3d 316 (Pa. Cmmw. Ct. 2011) .................................................................... 5

*Warren Borough Election*,
    274 Pa. 352, 118 A. 256 (1922) ......................................................................... 7

## STATUTES

FED. R. CIV. P. 12(b)(6) ........................................................................................... 5

FED. R. APP. P. 29(a)(4)(A) ...................................................................................... 2

FED. R. APP. P. 29(a)(4)(E) ...................................................................................... 2

210 PA. CODE R. 531(b)(2) .................................................................... 1

231 PA. CODE R. 1028(a)(4) ................................................................. 5

25 PA. CONS. STAT. § 3154(g)(1)(i) ................................................. 3, 10

25 PA. CONS. STAT. § 3161 ................................................................... 3

25 PA. CONS. STAT. § 3162 ................................................................... 3

25 PA. CONS. STAT. § 3456.......................................................... 3, 6, 7, 8

25 PA. CONS. STAT. § 3457.................................................................... 6

## OTHER AUTHORITY

*Automatic Recounts*, NATIONAL CONFERENCE OF STATE LEGISLATURES (Oct. 26, 2016), http://www.ncsl.org/research/elections-and-campaigns/automatic-recount-thresholds.aspx25 ............................................................... 10

### STATEMENT OF INTEREST OF *AMICUS CURIAE*

The American Center for Law and Justice (ACLJ) is an organization dedicated to the defense of constitutional liberties secured by law. Counsel for the ACLJ have presented oral argument, represented parties, and submitted *amicus* briefs before the United States Supreme Court and numerous state and federal courts around the country in cases concerning the First Amendment and election law, including *FEC v. Wisconsin Right to Life*, 551 U.S. 449 (2007), *McConnell v. FEC*, 540 U.S. 93 (2003), and *Bush v. Gore*, 531 U.S. 98 (2000).

The proper resolution of this case is a matter of utmost concern to the ACLJ because of its impact on the integrity of American presidential election process. Over 100,000 Americans, including 4,000 Pennsylvanians, have joined the ACLJ's Committee to Protect the Integrity of the 2016 Presidential Election Process. On its own behalf and on behalf of the aforementioned Committee, the ACLJ urges this Court to deny the Plaintiffs' requests for preliminary injunctive relief and dismiss the Complaint.

The ACLJ, as *Amicus Curiae*, filed a brief in the Commonwealth Court of Pennsylvania in the case brought at the behest of, and voluntarily dismissed by, the same activists who have now filed in this Court. *In re: The Matter of the 2016 Presidential Election*, 659 MD 2016 (Pa. Cmmw. Ct.).

Pursuant to 210 PA. CODE R. 531(b)(2) and Federal Rule of Appellate

1

Procedure 29(a)(4)(E), to the extent applicable in this Court, *Amicus Curiae* states

that no person or entity other than the *amicus curiae*, its members, or counsel have

(i) paid in whole or in part for the preparation of the *amicus curiae* brief or (ii)

authored in whole or in part the *amicus curiae* brief. Pursuant to Federal Rule of

Appellate Procedure 29(a)(4)(A), *Amicus Curiae* states that there is no parent

corporation or any publicly held corporation that owns 10% or more of its stock.

## ARGUMENT

### THE STATE LAWS PLAINTIFFS CHALLENGE SUFFICIENTLY PROTECT THE CONSTITUTIONAL RIGHT TO VOTE.

"Preliminary injunctive relief is an extraordinary remedy, which should be

granted only in limited circumstances." *Ferring Pharms., Inc. v. Watson Pharms.,

Inc.*, 765 F.3d 205, 210 (3d. Cir. 2014) (internal quotations and citation omitted).

"A plaintiff seeking a preliminary injunction must establish that he is likely to

succeed on the merits, that he is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in his favor, and that an

injunction is in the public interest." *Id.* (citation omitted). "The failure to establish

any element . . . renders a preliminary injunction inappropriate." *Id.* (internal

quotations and citation omitted). The plaintiff bears the burden for all four factors.

*Id.* Hence, if Plaintiffs fail to establish a likelihood of success on the merits of

their claims, here, that Pennsylvania's recount provisions are unconstitutional, their

motion must fail. *See Ferring Pharms., Inc.*, 765 F.3d at 210.

2

Despite broad, speculative assertions of the constitutional right to vote, Plaintiffs do not connect the extraordinary preliminary injunctive relief they seek to the constitutional right they assert. According to Plaintiffs, even though Pennsylvania election law requires an automatic statewide recount if an election is decided by a margin of 0.5% or less, 25 PA. CONS. STAT. § 3154(g)(1)(i), the additional and separate provisions allowing voters to voluntarily request a recount at the county/district level, *id.* at §§ 3161, 3162, or at the Commonwealth Court of Pennsylvania, *id.* at § 3456, constitute "such barriers to verifying the vote as to deny the people of Pennsylvania the fundamental right to have their vote counted." Pls. Memo. of Law, Doc. #5, p. 33.

But Plaintiffs conflate the constitutionally protected right to vote and have one's vote counted with their asserted desire to obtain a recount and investigate voting machines where: (1) petitioners who sought a court-ordered statewide recount and investigation as allowed by law had *no evidence of illegality* and refused to post a bond as required by law; and (2) the election results were not close enough to trigger the Commonwealth's *automatic* recount provision.

To be clear, petitioners desiring a recount and a forensic investigation of voting machines availed themselves of a statutorily provided mechanism to request an optional statewide recount by filing a contest petition in the Commonwealth Court of Pennsylvania. *In re: The Matter of the 2016 Presidential Election,* 659

3

MD 2016 (Pa. Cmmw. Ct.).  That court promptly set the matter for a hearing on an emergency basis, directed the petitioners to be prepared to present actual evidence of illegality, and ordered the petitioners to post a bond.  Unhappy with the basic requirements of state election and pleading code, and unhappy that the Commonwealth Court of Pennsylvania indicated its intent to take these requirements seriously, the petitioners voluntarily dismissed their own case and the next day, filed the instant action alleging that the requirements of Pennsylvania's election law *that they failed to satisfy* violate the constitutional right to vote.

**I.     ELECTION CONTEST EFFORTS IN STATE COURT FAILED FOR "LEGAL INSUFFICIENCY" PURSUANT TO UNREMARKABLE PLEADING AND EVIDENTIARY REQUIREMENTS, *NOT* UNCONSTITUTIONALITY.**

Plaintiffs would have this Court consider the constitutionality of portions of Pennsylvania's election law in a vacuum.  In passing judgment on portions of Pennsylvania Election Code, Plaintiffs need this Court to overlook the fact that their efforts to invoke a court-ordered statewide recount failed *because there was no evidence of actual illegality*.  Requiring petitioners seeking an optional statewide recount to produce actual evidence of illegality does not impose an undue burden on the constitutional right to vote.  Plaintiffs identify no authority suggesting otherwise and the burden Plaintiffs bear is heavy. *See Ferring Pharms., Inc.*, 765 F.3d at 210 ("Preliminary injunctive relief is an extraordinary remedy,

4

which should be granted only in limited circumstances" and plaintiffs bear the burden).

The petitioners in the state court action wholly failed to satisfy the basic pleading requirements of the Pennsylvania Rules of Civil Procedure and the principles underlying those rules. In particular, their petition was subject to demurrer for its facial "[l]egal insufficiency." 231 PA. CODE R. 1028(a)(4); *Madigan Appeal*, 253 A.2d 271, 273 (1969); *see* FED. R. CIV. P. 12(b)(6). "[P]reliminary objections may be filed by any party to any pleading on the grounds of legal insufficiency of a pleading (demurrer)." *Smolsky v. Pa. Gen. Assembly*, 34 A.3d 316, 319 (Pa. Cmmw. Ct. 2011) (citing 231 PA. CODE R. 1028(a)(4)). Similar to federal jurisprudence interpreting Rule 12(b)(6), Pennsylvania state courts "must accept as true all *well-pleaded material allegations* in the petition for review, as well as all inferences *reasonably deduced* therefrom." *Id.* (emphasis added) (citing *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmmw. Ct. 1994)). Importantly, however, "court[s] need not accept as true *conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion*." *Id.* (citing *Meier*, 648 A.2d at 600). On its face, the state court contest petition was, similar to assertions presented to this Court, based on "expression of opinion" and demanded "unwarranted inferences from facts." *Id.*

5

That the state court proceeding took the form of an election contest did not free the petitioners from the constraints of pleading requirements. Petitioners admitted 25 PA. CONS. STAT. § 3456 governed their contest petition. *See In re: The Matter of the 2016 Presidential Election*, 659 MD 2016 (Pa. Cmmw. Ct.), Petition, ¶ 4. This statute requires that "[t]he petition *shall concisely set forth the cause of complaint, showing wherein it is claimed that the primary or election is illegal* . . . ." 25 PA. CONS. STAT. § 3456 (emphasis added); *see* 25 PA. CONS. STAT. § 3457 (requiring petitioners to aver "that according to the best of their knowledge and belief, the primary or election was illegal and the return thereof not correct"). Hence, pursuant to Pennsylvania Election Code, the material allegation of a contest petition is "the cause" of the illegality of the contested election and the incorrectness of its return. The Supreme Court of Pennsylvania has made clear that the pleading of this critical allegation in contest cases is subject to scrutiny:

> While it is true that the provisions [of 25 PA. CONS. STAT. § 3456] are to be construed liberally and a petition for contest is not to be declared legally insufficient merely because it fails to include or to detail the evidence supporting the allegation of illegality in the election, still it is absolutely essential that such a petition "aver plainly and distinctly such facts which if sustained by proof would require the court to set aside the result."

*Madigan Appeal*, 253 A.2d at 273 (quoting *Pazdrak's Contested Election*, 288 Pa. 585, 137 A. 109 (1927); *Newport Twp. Election Contest*, 121 A.2d 141 (1956)). Particularly instructive, "'[t]he court will not grope in the dark, or follow a

6

contestant on a fishing expedition, in the hope of being able to find enough to enable him by the investigation to make out his case.'" *Id.* (quoting *Warren Borough Election*, 274 Pa. 352, 118 A. 256 (1922)); *see also Ayre's Contested Election*, 287 Pa. 135, 134 A. 477 (1926). This is precisely what the petitioners seeking a recount under state law attempted, *see In re: The Matter of the 2016 Presidential Election*, 659 MD 2016 (Pa. Cmmw. Ct.), Petition, ¶¶ 4, 8, and *Madigan Appeal* clearly disallowed it.

"Read with these principles in mind," the Pennsylvania Supreme Court held in *Madigan Appeal* that "it [wa]s patently clear from the record that the original petition for contest in the instant case was legally insufficient to warrant the court in proceeding further with an investigation of the election." *Madigan Appeal*, 253 A.2d at 273. The petition rejected in *Madigan Appeal* actually identified a specific number of ballots allegedly not counted in error by a particular Board of Elections. Yet, it was held to be legally insufficient.

Petitioners admitted they "protectively" filed the Petition to satisfy a deadline, and requested the Commonwealth Court of Pennsylvania to hold that petition in abeyance pending the outcome of unidentified recounts. *In re: The Matter of the 2016 Presidential Election*, 659 MD 2016 (Pa. Cmmw. Ct.), Petition, ¶¶ 4, 8. They contended that section 3456's recitation of the right to seek leave to amend allowed their request. *Id.* at 3, ¶ 1. But *Madigan Appeal*, directly on point,

7

foreclosed Petitioners' scheme. The petition to amend in *Madigan Appeal* was disallowed because it was found to be, "in effect, an endeavor to file an election contest petition well beyond the twenty day, post-election period." *Madigan Appeal*, 253 A.2d at 274. This is precisely what petitioners openly told the Commonwealth Court they intended to do, *In re: The Matter of the 2016 Presidential Election*, 659 MD 2016 (Pa. Cmmw. Ct.), Petition, ¶¶ 4, 8, and pursuant to *Madigan Appeal*, that attempt was doomed to failure.

> The *Madigan Appeal* Court identified yet another relevant and fatal flaw:
>
> They point to errors found in the boxes recounted during the court-supervised recount, and *speculate* that a pervasive recount of all such previously unrecounted boxes would yield proportionate errors, and result in the appellant's election.

*Madigan Appeal*, 253 A.2d at 275. Speculation has no place in an election contest. Even while pointing to specific errors found in a recount, "the petitioners showed no cause necessitating an election contest," and that is what section 3456 plainly requires. *Id.* The Court emphasized: "As we noted before, the court will not grope in the dark, or follow a contestant on a fishing expedition, in the hope of being able to find enough to enable him by the investigation to make out his case." *Id.* (internal quotations and citations omitted).

Petitioners failed to properly allege the most fundamental element section 3456 requires of a contest petition, the cause of complaint — illegality of the election and an incorrect return. *Madigan Appeal*, 253 A.2d at 273-74.

8

Petitioners' overt reliance on "unwarranted inferences from facts, argumentative allegations, or expressions of opinion" was fatal to their case.

Plaintiffs allege that there is "no feasible process for the voters to obtain a statewide recount." Pls. Memo. of Law, Doc. # 5, p. 36. This is false. There is a feasible process *if the voters have evidence of illegality*. The available process was not "feasible" for these activists because they had no such evidence. Plaintiffs now berate the Pennsylvania law with which they were either unable or unwilling to comply.[1] But failure by political activists to satisfy the basic requirements of state election and pleading code to obtain an optional recount do not turn those requirements into unconstitutional burdens on the right to vote — especially when the law also allows for — in fact, requires — an automatic statewide recount when the election is decided by 0.5% or less.

## II. PENNSYLVANIA'S AUTOMATIC STATEWIDE RECOUNT PROVISION SUFFICIENTLY PROTECTS ITS CITIZENS' CONSTITUTIONAL RIGHT TO VOTE.

In passing judgment on isolated portions of Pennsylvania Election Code, Plaintiffs would also have this Court overlook other provisions that protects voters' right to vote and have their vote counted by requiring a statewide recount in the case of a close election. Pennsylvania law requires a recount where:

---

[1] While Plaintiffs make their disdain and disrespect for Pennsylvania courts, election recount law and election officials abundantly clear, Plaintiffs *still* fail to allege a single instance of illegality or impropriety in the 2016 presidential election or in the counting of the votes.

> A candidate for a public office which appears on the ballot in every
> election district in this Commonwealth was defeated by one-half of a
> percent or less of the votes cast for the office. . . .

25 PA. CONS. STAT. § 3154(g)(1)(i). Plaintiffs concede this provision provides a
right to a statewide recount. Pls. Comp., Doc. # 1, ¶ 32 ("Unless the vote is
decided by 0.5% or less, there is no right to a statewide recount."). This statutory
safeguard adequately protects the constitutional right asserted by the Plaintiffs —
the right to vote and have one's vote counted — and Plaintiffs identify *no* authority
to the contrary.

Plaintiffs allege that "no recount process in this country is as byzantine,
labyrinthine, confusing, burdensome, and unfair, as in Pennsylvania." Comp.,
Doc. # 1, ¶ 93. However, Pennsylvania is among the "[t]wenty states and the
District of Columbia" that "provide for automatic recounts" when various
conditions are met. *Automatic Recounts*, NATIONAL CONFERENCE OF STATE
LEGISLATURES (Oct. 26, 2016), http://www.ncsl.org/research/elections-and-
campaigns/automatic-recount-thresholds.aspx. Seven states do not permit a
candidate, party, or citizen to file a request for a recount under any circumstance.
*Id.* Other states are significantly more restrictive in allowing recount requests. For
example, Idaho law only allows a candidate who is within 0.1% of the winning
total to request a recount. *Id.* Thus, in such a state, even Candidate Jill Stein
would not be permitted to request a recount. For this Court to rule that

10

Pennsylvania's 0.5% automatic recount provision is not sufficient to protect its citizens' right to vote, it would be implicating the constitutionality of the election laws of numerous other states. In *Bush v. Gore*, the United States Supreme Court halted a statewide recount triggered by Florida's 0.5% automatic recount provision because allowing it to proceed would violate Equal Protection and Due Process rights of Florida voters.   531 U.S. 98, 210 (2000).   Moreover, where plaintiffs allege that the complexity of a state's recount law impermissibly burdens their constitutional rights, *see, e.g.*, Pls. Memo. of Law, Doc. 5, pp. 25-26, in presidential elections, *Bush v. Gore* stands for the proposition that the remedy for a "confusing, burdensome, and unfair" recount procedure is *not* judicial investigation and oversight, as Plaintiffs here demand, but instead, *no recount at all.  Bush v. Gore*, 531 U.S. at 210.

## CONCLUSION

The multiple recount avenues provided by Pennsylvania law meet, if not exceed, any constitutional requirements identified by Plaintiffs.  Plaintiffs fail to cite *any* authority indicating that state election law requiring an automatic statewide recount of elections decided by 0.5% or less nonetheless constitutes an unconstitutional burden on the right to vote because, in order to request an *additional, separate, optional* statewide recount proceeding, petitioners must post bond and allege and show evidence of illegality.  As such, Plaintiffs fail so show a

11

likelihood of success on the merits and this Court should deny Plaintiffs' motion

for a preliminary injunction.

Respectfully submitted,

/s/ Gregory R. Reed

GREGORY R. REED,
   (PA. No. 23705)

/s/ Joshua A. Reed

JOSHUA A. REED
   (PA. No. 307666)

REED LAW
4303 Derry Street
Harrisburg, PA 17111
Telephone: (717) 238-0434
Facsimile: (717) 238-8469
Email: lawoffice@reedpalaw.com
Associate Counsel for
   Amicus Curiae

JAY ALAN SEKULOW[*]
STUART J. ROTH[**]
COLBY M. MAY[**]
CECE HEIL[**]
MATTHEW R. CLARK[**]
BENJAMIN P. SISNEY[**]
OLIVIA F. SUMMERS[**]
AMERICAN CENTER FOR LAW
   AND JUSTICE
201 Maryland Avenue, NE
Washington, D.C.  20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: sekulow@aclj.org
Counsel for Amicus Curiae

[*]Application for Admission Pro Hac Vice Forthcoming
[**]Not admitted in this Jurisdiction

Dated:        December 8, 2016

12

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief of *Amicus*

*Curiae* was electronically filed with the Clerk of Court on December 8, 2016,

using CM/ECF, which will send notification of such filing to counsel of record.

I hereby certify that a true and correct copy of the foregoing Brief of *Amicus*

*Curiae* will be served by first-class mail, postage prepaid, on December 8, 2016 on

the following individuals at the following addresses:

Ilann M. Maazel
Emery Celli Brinckerhoff& Abady LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
Phone: 212-763-5000
Fax: 212-763-5001
Email: imaazel@ecbalaw.com

**FILED**

DEC – 8 2016

Jeffrey Cutler
P.O. BOX 2806
YORK, PA 17405
215 872-5715
(Movant) PRO SE

LUCY V. CHIN, Interim Clerk
By _____Dep. Clerk

*/s/ Joshua A. Reed*
JOSHUA A. REED  (PA. No. 307666)
REED LAW
4303 Derry Street
Harrisburg, PA 17111
Telephone: (717) 238-0434
Facsimile: (717) 238-8469
Email: lawoffice@reedpalaw.com
*Counsel for Amicus Curiae*

Dated:     December 8, 2016