UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

JILL STEIN and RANDELL REITZ,      :

            Plaintiffs,      :

      -v.-      :      Civil Action No.

PEDRO A. CORTÉS, in his Official Capacity  :      2:16-cv-06287-PD
    as Secretary of the Commonwealth of
    Pennsylvania; and,      :      Paul S. Diamond,
                    United States District Judge

JONATHAN MARKS, in his Official Capacity  :
    as Commissioner of the Bureau of
    Commissions, Elections, and      :
    Legislation,
                  :

            Defendants.

---

              :

FILED

DEC - 8 2016

LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

_AMICUS CURIAE_ BRIEF OF EDWIN D. SCHINDLER, ESQ. IN OPPOSITION

TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

ON THE GROUND THAT PLAINTIFFS' LACK ARTICLE III STANDING,

THEREBY COMPELLING DENIAL OF THE MOTION

AND DISMISSAL OF THE COMPLAINT

## I. Introduction

Edwin D. Schindler, a member of the New York Bar and admitted to practice in the United States Courts of Appeals for the Federal and Second Circuits; the United States District Courts for the Eastern District of New York, the Southern District of New York and the District of Connecticut; registered to practice before the United States Patent and Trademark Office as a patent attorney, and engaged in the private practice of law for 32 years, respectfully submits this *amicus* brief in opposition to Plaintiffs' causes of action and pending motion for preliminary injunction explaining why <u>neither</u> Plaintiff Jill Stein nor Randall Reitz possess the requisite Article III standing, thereby compelling <u>dismissal</u> of the Complaint and <u>denial</u> of Plaintiffs' preliminary injunction motion <u>without</u> consideration of the merits.

The undersigned *amicus* is domiciled in New York state and voted in the 2016 presidential election in New York and views the ongoing quest for meaningless and wasteful "recounts" in Pennsylvania, as well as Michigan and Wisconsin, by former Green Party presidential candidate Jill Stein, as inappropriate both from a legal and public policy standpoint. The undersigned *amicus* has <u>not</u> been retained (and is <u>not</u> being compensated) by any candidate or campaign and presents this *amicus* brief as an individual citizen.

## II. Article III Standing is a Requirement for Federal Jurisdiction, and Because Both Plaintiffs Jill Stein and Randall Reitz Lack Standing, the Court Lacks Subject Matter Jurisdiction and Must Dismiss the Complaint

### A. *Article III Standing is Required for the Existence of Federal Jurisdiction*

"Article III of the Constitution limits the judicial power of the United States to the resolution of 'Cases' and 'Controversies,'" *Hein v. Freedom from Religon Foundation,*

*Inc.*, 551 U.S. 587, 597-598 (2007). "The judicial power of the United States defined by Art. III is not an unconditioned authority to determine the constitutionality of legislative or executive acts, *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). To establish Article III standing before this Court, at least one Plaintiff, either Jill Stein or Randall Reitz, "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief," *Allen v. Wright*, 468 U.S. 737, 751 (1984). Because neither Jill Stein nor Randall Reitz can credibly, plausibly or sanely "allege personal injury" and that that "injury" is "likely to be redressed by the requested relief," both Plaintiffs lack Article III standing and this Court lacks subject matter jurisdiction over the counts of the Complaint, thereby mandating its dismissal. *Id*.

### B. Jill Stein Alleges No Injury "Likely to Be Redressed" By This Court

Plaintiff Jill Stein alleges in the Complaint (at ¶ 9) that she "is [was] the Green Party presidential candidate for the November 2016 election, and her name appeared on the ballot in Pennsylvania" and, further alleges (at ¶ 29), that she "called upon voters to seek recounts throughout the State, to make sure their votes were counted accurately and that the vote and election result in Pennsylvania had integrity." After a litany of "interesting" tidbits concerning Pennsylvania election law, but providing little more than a thoroughly academic treatise of the election law of this state, the Complaint concludes with three federal civil rights counts alleging causes of action under 42 U.S.C. §1983; each count alleging an infringement, or denial, of the "right to vote."

Specifically, the first count, a civil rights claim alleging a violation of the Equal Protection Clause of the Fourteenth Amendment, states that the official actions of the

Pennsylvania Secretary of State has "deprived and severely burdened and threatened to deprive and severely burden Pennsylvania voters, including Plaintiff Randall Reitz, of their fundamental right to vote." This count further alleges (at ¶ 102) that "[t]his burden falls unequally on smaller political parties, such as the Green Party; their candidates, such as Jill Stein; and their members." It is a matter of public record that Jill Stein is a citizen of Massachusetts and is therefore not lawfully entitled to vote in Pennsylvania and, as such, can suffer no injury from being denied the "right to vote" in Pennsylvania.

As for the "Green Party; their candidates, such as Jill Stein and their members," Plaintiff Jill Stein was "the Green Party presidential candidate for the November 2016 election, and her name appeared on the ballot in Pennsylvania" (Complaint at ¶ 9), and Jill Stein received 49,947 votes, constituting 0.82% of the total vote cast, as reported by the Secretary of State (see, http://www.electionreturns.pa.gov/ENR_NEW) on December 6, 2016, thereby undermining the contention that (at least 49,947) Pennsylvania citizens were denied the "right to vote" for "Plaintiff Jill Stein" or "the Green Party presidential candidate."

The "injury-in-fact" prong for establishing Article III standing requires that the alleged harm be "actual or imminent, not 'conjectural' or 'hypothetical,'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), *citing Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (Article III standing requires "a litigant first must clearly demonstrate that he has suffered an 'injury in fact.' That injury, we have emphasized repeatedly, must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to himself that is 'distinct and palpable,' as opposed to merely 'abstract'" (internal case citations omitted)). The notion that there were Pennsylvania voters who wanted to

vote for the Green Party presidential candidate, Jill Stein, but were denied the right to do

so, is beyond "conjectural" or "hypothetical," inasmuch as 49,947 Pennsylvania voters

actually managed to overcome the severe "burden" imposed by Pennsylvania's election

law to vote for Dr. Stein. *Id.*

Standing requires more than "an ingenious academic exercise in the conceivable,"

*United States v. Students Challenging Regulatory Agency Procedures (SCRAP)*, 412 U.S.

669, 688-689 (1973), and what is conspicuously absent from the Complaint is any allega-

tion by Plaintiff Jill Stein, whatever "injury" suffered by Dr. Stein (or the Green Party, its

candidates or its members), that the recount demanded by the Complaint could result in

Jill Stein winning the Pennsylvania presidential election, thereby failing to meet the

requirement for Article III standing that the perceived "injury" is "likely to be redressed

by the requested relief," *Allen v. Wright*, *supra*, 468 U.S. at 751.

### *C. The Allegations of the Complaint Are Fatal to Any Contention That Co-Plaintiff and Pennsylvania Voter Randall Reitz Can Establish Article III Standing in His Own Right*

No doubt perceiving of the difficulties she would face for establishing her stand-

ing before this Court, Jill Stein has included Randall Reitz as a co-Plaintiff, who alleges

in the Complaint (at ¶ 10) that he "is a voter in the State of Pennsylvania, and voted in the

2016 presidential election." Because Mr. Reitz actually "voted in the 2016 presidential

election," Plaintiff Randall Reitz lacks Article III standing to allege a denial of the "right

to vote." *Lujan* holds that a litigant must demonstrate that he has suffered a concrete and

particularized injury that is either actual or imminent, that the injury is fairly traceable to

the defendant, and that it is likely that a favorable decision will redress that injury. *Lujan*

*v. Defenders of Wildlife*, *supra*, 504 U.S. 560-562.

According to the vote totals reported by the Secretary of State, as of December 6, 2016, more than 6.1 million votes were cast in the Pennsylvania presidential election held November 8, 2016. If Randall Reitz voted, as he alleges he <u>did</u> in the Complaint (at ¶ 10), then his vote was almost certainly counted; and if a recount was conducted, it is unclear whether it could be determined whether the <u>individual</u> vote of Randall Reitz was counted, or why it would matter, inasmuch as President-Elect Donald Trump defeated Democrat candidate Hillary Clinton by 44,307 votes.

Standing requires that the "injury" suffered by a plaintiff must be "likely," as opposed to merely "speculative" and that the injury will be "redressed by a favorable decision." *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 38, 43 (1976) ("[W]hen a plaintiff's standing is brought into issue the relevant inquiry is whether, assuming justiciability of the claim, the plaintiff has shown an injury to himself that is likely to be redressed by a favorable decision. Absent such a showing, exercise of its power by a federal court would be gratuitous and thus inconsistent with the Art. III limitation."); *Baker v. Carr*, 369 U.S. 186, 204 (1962) (a significant personal stake serves "to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult . . . questions.")

Plaintiff Randall Reitz "voted" in the 2016 Pennsylvania presidential election, can <u>not</u> establish the requisite "injury-in-fact" and therefore lacks the required Article III standing to be a party-plaintiff complaining about a <u>denial</u> of the "right to vote. Whether Mr. Reitz' <u>individual</u> vote was actually counted could not likely be determined by the demanded recount and, as such, any possible "injury" to Randall Reitz is speculative and fanciful, at best.

### III. Conclusion

Accordingly, Plaintiffs Jill Stein and Randall Reitz lack the requisite Article III standing for federal jurisdiction to support their causes of action alleged in the Complaint. Consequently, the Complaint must be <u>dismissed</u> without reaching the merits of Plaintiffs' motion for preliminary injunction, which should be denied as moot.

Respectfully submitted,

Dated:  December 7, 2016

Edwin D. Schindler
*Amicus Curae*
4 High Oaks Court
P. O. Box 4259
Huntington, New York  11743-0777

*Telephone*: (631)474-5373
*Fax*: (631)474-5374
*E-Mail*: EDSchindler@att.net
        EDSchindler@optonline.net

- 6 -

## CERTIFICATE OF SERVICE

I, EDWIN D. SCHINDLER, hereby certify that I served a true, and complete, copy of: (1) Motion of Edwin D. Schindler for Leave to File an *Amicus Curiae* Brief; (2) Proposed Order; and (3) Proposed *Amicus Cariae* Brief of Edwin D. Schindler, via e-mail upon the following counsel-of-record:

Gregory M. Harvey for Plaintiffs Jill Stein and Randell Reitz

– E-Mail: gharvey@mmwr.com

Kenneth L. Joel for Defendants Pedro A. Cortes and Jonathan Marks

– E-Mail: kjoel@attorneygeneral.gov

Sue Ann Unger for Defendants Pedro A. Cortes and Jonathan Marks

– E-Mail: sunger@attorneygeneral.gov

Timothy E. Gates for Defendants Pedro A. Cortes and Jonathan Marks

– E-Mail: tgates@pa.gov

Lawrence J. Tabas for All Inventors-Defendants

– E-Mail: lawrence.tabas@obermayer.com

Jeffrey Culter as Movant        – E-Mail: eltaxcollector@gmail.com

on December 7, 2016.

Edwin D. Schindler, *Amicus Curae*
4 High Oaks Court
P. O. Box 4259
Huntington, New York  11743-0777
*Telephone*: (631)474-5373
*Fax*: (631)474-5374
*E-Mail*: EDSchindler@att.net
            EDSchindler@optonline.net

FILED

DEC – 8 2016

LUCY V. CHIN, Interim Clerk
Dep. Clerk

By _____

**Stein v. Cortes, Civil Action No. 2:16-cv-06287-PD (E.D.Pa.) - Motion for Leave to File A** Wednesday, December 7, 2016 11:38 AM
**micus Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction re: Plaintiffs'**
**Lack Article III Standing**

From:   "Edwin Schindler" <edschindler@att.net>

To:     gharvey@mmwr.com   kjoel@attorneygeneral.gov   sunger@attorneygeneral.gov   tgates@pa.gov

        lawrence.tabas@obermayer.com   eltaxcollector@gmail.com   Hide

1 Files   572KB    Download All
PDF   572KB

Motion for
Leave to
File an

Save

To:

   Gregory M. Harvey for Plaintiffs Jill Stein and Randell Reitz

        – E-Mail: gharvey@mmwr.com

   Kenneth L. Joel for Defendants Pedro A. Cortes and Jonathan Marks

        – E-Mail: kjoel@attorneygeneral.gov

   Sue Ann Unger for Defendants Pedro A. Cortes and Jonathan Marks

        – E-Mail: sunger@attorneygeneral.gov

   Timothy E. Gates for Defendants Pedro A. Cortes and Jonathan Marks

        – E-Mail: tgates@pa.gov

   Lawrence J. Tabas for All Inventors-Defendants

        – E-Mail: lawrence.tabas@obermayer.com

   Jeffrey Culter as Movant      – E-Mail: eltaxcollector@gmail.com

Please find, as attached to this e-mail, the undersigned's Motion for Leave to File an Amicus Curiae Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction to Raise Plaintiffs' Lack of Article III Standing.

A proposed Order and proposed Amicus Brief are included as part of the e-mail attachment.

Sincerely,

Edwin D. Schindler
Patent Attorney
4 High Oaks Court
P. O. Box 4259
Huntington, New York 11743-0777

Telephone: (631)474-5373
Fax: (631)474-5374
E-Mail: EDSchindler@att.net
        EDSchindler@optonline.net