# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL STEIN, et al. : | |
| : | |
| Plaintiffs, : | |
| v. : | No.: 2:16-cv-06287-PD |
| : | |
| PEDRO A. CORTES, in his official : | |
| capacity as Secretary of the : | |
| Commonwealth, et al. : | |
| : | |
| Defendants. : | |

## ORDER

**AND NOW**, this _____ day of December, 2016, upon consideration of the Motion for Leave to File Brief Amicus Curiae by Pennsylvania Senate Majority Caucus, and any response thereto, it is hereby **ORDERED** that this Motion is **GRANTED**. The brief attached as Exhibit A to the Motion shall be considered by the Court in its disposition of the present matter.

**AND IT IS SO ORDERED.**

_____
Paul S. Diamond, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL STEIN, et al. : | |
| : | |
| Plaintiffs, : | |
| v. : | No.: 2:16-cv-06287-PD |
| : | |
| PEDRO A. CORTES, in his official : | |
| capacity as Secretary of the : | |
| Commonwealth, et al. : | |
| : | |
| Defendants. : | |

**MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE
BY PENNSYLVANIA SENATE MAJORITY CAUCUS**

For the reasons set forth in its brief, which is incorporated here by reference, the Pennsylvania Senate Majority Caucus respectfully requests that the Court grant it leave to file the brief amicus curiae attached hereto as Exhibit A. A proposed order is attached for the Court's consideration.

Respectfully submitted

Dated: December 8, 2016

 s/ Matthew H. Haverstick
Matthew H. Haverstick, Esq. (No. 85072)
Joshua J. Voss, Esq. (No. 306853)
KLEINBARD LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103
Ph: (215) 568-2000 / Fax: (215) 568-0140
Eml: mhaverstick@kleinbard.com
 jvoss@kleinbard.com

*Attorneys for Pennsylvania Senate Majority Caucus*

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL STEIN, et al. | : |
| | : |
| Plaintiffs, | : |
| v. | : No.: 2:16-cv-06287-PD |
| | : |
| PEDRO A. CORTES, in his official capacity as Secretary of the Commonwealth, et al. | : |
| | : |
| Defendants. | : |

## **BRIEF AMICUS CURIAE OF PENNSYLVANIA SENATE MAJORITY CAUCUS**

The Pennsylvania Senate Majority Caucus urges this Court to refuse Plaintiffs' invitation to replace the legislative policy decisions of the Commonwealth's elected officials. The Pennsylvania Election Code was democratically enacted and amended, and it comports with all constitutional requirements. The Code is not constitutionally invalid simply because its recount provisions are different from those in other states or that a recount is onerous to navigate when a purportedly aggrieved voter wishes to undo election results. These are issues of legislative debate and concern, not ones of constitutional dimension. Accordingly, the Court should deny all of Plaintiffs' requests for relief.

### I.     INTEREST OF AMICUS CURIAE

The Pennsylvania Senate is one of two parts of the Pennsylvania General Assembly, the Commonwealth's legislative body. The Senate has two caucuses, each of

which is a constituent part of the Senate: the Senate Democratic Caucus and the Senate Republican Caucus, also known as the Senate Majority Caucus. *See Precision Mktg., Inc. v. Com., Republican Caucus of the Sen. of PA/AKA Sen. of PA Republican Caucus*, 78 A.3d 667, 675 (Pa. Cmwlth. 2013) ("[T]his Court finds that the Senate Republican Caucus is one of two subparts that together comprise the Pennsylvania Senate and, as such, it is an integral constituent of the Senate."). The Senate Majority Caucus presently has 34 members (out of 50 total for the legislative body).

As with any group of legislators, the Senate Majority Caucus and its constituent members are responsible for proposing new laws and amending existing laws. *See* Pa. Const. art. II, § 1. This responsibility extends, of course, to the Pennsylvania Election Code, 25 P.S. §§ 2601-3591, which is at issue here. As the Senate Majority Caucus understands the present dispute, Plaintiffs are seeking various declarations that the Election Code, in relevant part, is unconstitutional. Because the Senate Majority Caucus is acutely interested in ensuring that enacted laws reflecting the popular will of the Commonwealth's citizens are protected against unfounded challenges, it wishes its voice heard in this significant attack on Pennsylvania's policy choices. Thus, the Senate Majority Caucus has an interest unique among the Defendants – specifically, in protecting the constitutionally-vested powers and prerogatives of Pennsylvania's law making branch of government.

## II.  ARGUMENT

The Pennsylvania Election Code was democratically enacted into law in 1937, *see* Pa. P.L. 1333, art. I-XIX, §§ 101-1901 (June 3, 1937), and has been amended from time-to-time in the intervening years. *See, e.g.*, Pa. P.L. 807, Act 97 of 2004 (Oct. 8, 2004) (adding present paragraph (g) to 25 P.S. § 3154, concerning statewide recounts ordered by the Secretary of the Commonwealth). The Pennsylvania Election Code, as a duly enacted law of the Commonwealth, reflects the collective policy choices of Pennsylvania's elected officials. As is material to the present dispute, the Code could have provided many vehicles for challenging elections results, but through debate and compromise, elected officials like the members of the Senate Majority Caucus settled upon the present version of the Code. Simply stated, the Pennsylvania Election Code is a collection of *policy* choices made by elected officials in furtherance of their duties (1) to uphold the United States and Pennsylvania Constitutions and (2) to reflect the will of Pennsylvania's citizens. *See* Pa. Const. art. VI, § 3 (Oath of office).

Plaintiffs' laments about the Code are not truly with the constitutionality of the legislative scheme, rather, they just don't like it and they believe its requirements are too slow, labor-intensive, and costly. But that is precisely the policy choice Pennsylvania's General Assembly made in crafting the recount sections of the Election Code. Because a statewide recount would be expensive and significantly disruptive to the electoral process (not to mention risky to the integrity of the vote), the legislature did not want such

recounts easy to force upon the Commonwealth and its voters. As such, intrusive, costly, and risky statewide recounts are only triggered in the rare instance when the unofficial returns show a difference of one-half percent or less. *See* 25 P.S. § 3154(g). Beyond that, **by intentional choice of Pennsylvania's elected officials**, statewide recounts are not readily available so that the integrity of the vote is preserved, an area where Pennsylvania has a significant interest. *See Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006) ("'A State indisputably has a compelling interest in preserving the integrity of its election process.'"). That other states have made policy choices to the contrary does not render this state's policy choices constitutionally infirm.

In the end, Plaintiffs' frustration with being unable to clog Pennsylvania's vote tallying and certification on the cheap, or with a single litigation, does not create a problem of constitutional dimension. Nor is litigation the solution, as federal courts will not lightly disrupt the election law policy choices of state legislatures. *Valenti v. Rockefeller*, 292 F. Supp. 851, 867-68 (W.D.N.Y. 1968), *aff'd*, 393 U.S. 1124, 89 S.Ct. 689 (1969); *see also Trinsey v. Com. Of Pa.*, 941 F.2d 224, 235 (3d Cir. 1991) (upholding Pennsylvania legislature's policy judgments in setting rules for vacancy election, stating: "We take no position on the balancing of the respective interests in this situation. That is a function for which the legislature is uniquely fitted. If the voters of the state are unhappy with the legislature's decision, then the democratic process gives them ample opportunity for redress."), *cert denied*, 502 U.S. 1014 (1991). In sum, Plaintiffs are not

4

before the Court with a legally sufficient constitutional claim, they are merely here with a policy complaint that is best addressed to the policy-makers, but not a federal court.

### III. CONCLUSION

For the foregoing reasons, the Pennsylvania Senate Majority Caucus urges the Court to deny Plaintiffs' request to declare the Election Code unconstitutional in part and to deny all requests for relief.

                                          Respectfully submitted

                                          **KLEINBARD LLC**

Dated: December 8, 2016            **By:** s/ Matthew H. Haverstick
                                                    Matthew H. Haverstick, Esq. (No. 85072)
                                                    Joshua J. Voss, Esq. (No. 306853)
                                                    KLEINBARD LLC
                                                    One Liberty Place, 46th Floor
                                                    1650 Market Street
                                                    Philadelphia, PA 19103
                                                    Ph: (215) 568-2000 / Fax: (215) 568-0140
                                                    Eml:  mhaverstick@kleinbard.com
                                                                    jvoss@kleinbard.com

                                          *Attorneys for Pennsylvania Senate Majority Caucus*

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing Motion for Leave to File Brief Amicus Curiae, and the brief in support, to be served on all parties of record via the Court's CM/ECF system.

Dated: December 8, 2016  　　　　　　　s/ Matthew H. Haverstick
　　　　　　　　　　　　　　　　　　　Matthew H. Haverstick, Esq. (No. 85072)
　　　　　　　　　　　　　　　　　　　Joshua J. Voss, Esq. (No. 306853)
　　　　　　　　　　　　　　　　　　　KLEINBARD LLC
　　　　　　　　　　　　　　　　　　　One Liberty Place, 46th Floor
　　　　　　　　　　　　　　　　　　　1650 Market Street
　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　　Ph: (215) 568-2000 / Fax: (215) 568-0140
　　　　　　　　　　　　　　　　　　　Eml:  mhaverstick@kleinbard.com
　　　　　　　　　　　　　　　　　　　　　　　jvoss@kleinbard.com

　　　　　　　　　　　　　　　　　　　*Attorneys for Pennsylvania Senate Majority Caucus*