IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL STEIN, et al. | : | |
|     Plaintiffs, | : | CIVIL ACTION |
|     v. | : | |
| PEDRO A. CORTÉS, in his capacity as | : | |
| Secretary of the Commonwealth, et al. | : | NO. 16-6287 (PD) |
|     Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, 2017, upon consideration of the motion of the Defendants Secretary of the Commonwealth Cortés and Commissioner Marks to dismiss Plaintiffs' Amended Complaint, Plaintiffs' response and cross motion for summary judgment, and Defendants' response to Plaintiffs' submission, Plaintiffs' reply and Defendants' response/reply, it is hereby ORDERED that the Defendants' motion to dismiss is GRANTED, and Plaintiffs' cross motion to summary judgment is deemed withdrawn.  Plaintiffs' Amended Complaint is hereby DISMISSED with prejudice.

BY THE COURT:

_____
PAUL DIAMOND,  J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL STEIN, et al. | : | |
|     Plaintiffs, | : | CIVIL ACTION |
|     v. | : | |
| PEDRO A. CORTÉS, in his capacity as | : | |
| Secretary of the Commonwealth, et al. | : | NO. 16-6287 |
|     Defendants. | : | |

**RESPONSE TO PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT AND REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Defendants Secretary Pedro A. Cortés and Commissioner Jonathan Marks oppose plaintiffs' reply in support of their cross motion for summary judgment, reply in support of the Defendants' motion to dismiss Plaintiffs' Amended Complaint, and incorporate by reference the attached memorandum of law.

Wherefore, this Court should grant the relief as set forth in the proposed order.

    Respectfully submitted,

    JOSH SHAPIRO
    Attorney General

    /s/ Sue Ann Unger
    _____

| | |
|---|---|
| | Sue Ann Unger |
| Office of Attorney General | Senior Deputy Attorney General |
| 21 S. 12th Street, 3rd Floor | Attorney I.D. No. 39009 |
| Philadelphia, PA 19107 | Kenneth Joel |
| 215-560-2127; fx: 717-772-4526 | Chief Deputy Attorney General |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL STEIN , et al. | : | |
|     Plaintiffs, | : | CIVIL ACTION |
|     v. | : | |
| PEDRO A. CORTÉS, in his capacity as | : | |
| Secretary of the Commonwealth, et al. | : | NO. 16-6287 |
|     Defendants. | : | |

**REPLY BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT AND SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Defendants have addressed the issues already, and use this reply to very briefly touch upon the few new points that Plaintiffs try to raise.

1) Plaintiffs previously stated that if the Court does not convert the pending motion to dismiss into a summary judgment motion, the Court should deem Plaintiffs' cross-motion as withdrawn. ECF 76 at 13. Defendants' most recent submission put forth why conversion is not needed, why the case should be resolved through the pending Rule 12 Motion, and why this Court may properly rely on the information provided at the Preliminary Injunction hearing to resolve the pending Rule 12 Motion. Now, all of a sudden, plaintiffs push for summary judgment and contend—based solely on their own say-so relating to lights on voting machines, "no vote" counts, and post-election efforts—that there are no genuinely disputed material facts. This same information was insufficient for Plaintiffs to succeed at the Preliminary Injunction stage—where they only had to show a likelihood that they would succeed. It cannot be enough to now invalidate the Election Code in its totality. Beyond this, the observations relating to lights and "no votes" are not material to Plaintiffs' challenge to post-election processes and are not material since Plaintiffs have not challenged the provision of the Election Code allowing for the use of electronic voting machines. Further, the observations relating to post-election matters of local officials are not material since such parties are not litigants here.

2) Plaintiffs' argument about unequal treatment suggests that Reitz and Cook suffered an injury in fact because they voted on machines that may disenfranchise them while other Pennsylvania voters did not. ECF 79 at 10. Since any method of voting—from colored pebbles tossed into a pot to hand-written ballots to old-fashioned machines to the most modern DREs—could theoretically be tampered with, Plaintiffs' logic necessarily would require every citizen in the Commonwealth—and, indeed, every citizen in America—to vote on the same exact type of machine. This certainly cannot be required because "[c]ommon sense, as well as constitutional law, compels the conclusion that government must play an active role in structuring elections" because "as a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic process." *Burdick v. Takushi*, 504 U.S. 428, 433 (1992) (further quotations omitted). "States certainly have an interest in protecting the integrity, fairness, and efficiency of their ballots and election processes as means for electing public officials." *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 357-58, 364 (1997); *see also Cal. Democratic Party v. Jones*, 530 U.S. 567, 572 (2000) (citing *Burdick v. Takushi*, 504 U.S. 428, 433 (1992); *Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 217 (1986)).

3) Plaintiffs assert that defendants cannot dispute that the Election Code gives the Secretary sufficient authority to manage and access voting systems to implement any relief that Plaintiffs obtain. ECF 79 at 12 (citing 25 P.S. § 2621(b)). Plaintiffs miss the point. Section 2621(b) provides the Secretary with authority "[t]o examine and reexamine voting machines, and to approve or disapprove them for use in this state, in accordance with the provisions of this act." The act, as discussed previously, specifies that the Secretary has that authority upon voters' petitioning in an appropriate manner. 25 P.S. § 3031.5. Whether framed as an issue of ripeness or

exhaustion or political question or federalism, Plaintiffs cannot avoid provisions of the Election Code in their quest to invalidate the Election Code.

    4) Plaintiffs' discussion of the burdens to have their votes count once again speculates that their votes did not count.  It appears that the only way that plaintiffs will know their votes count is if all 67 counties, including the 66 counties where they did not vote, returned to a pre-HAVA voting system—a system wrought with problems that HAVA sought to remedy—that also includes some type of voter-by-voter identifiable vote trail.  Defendants have already addressed how the process that renders a statewide recount difficult is the same process that assures order and integrity in the voting process.  Indeed the Pennsylvania Senate Majority Caucus addressed that issue in their amicus brief.  ECF 46.  Plaintiffs somehow suggest that order and integrity in the voting process are unidentified interests.  ECF 79 at 16.  Yet, speedy implementation of a statewide election result and the smooth transition of power are obvious interests.

    5) While Plaintiffs continue to complain about how difficult it is to know when a deadline falls to seek a recount, Defendants have explained that the answer is clear cut.  Plaintiffs now argue that two large Pennsylvania counties do not comply with requirements to complete the computation of votes within the time allotted under state law.  They cannot and do not even suggest that those two counties include the sole county where Plaintiffs voted.  Moreover, whether or not two counties complied with state law—does not transform such a complaint into a vehicle to dismantle Pennsylvania's Election Code.

    6) This Court has already ruled that Dr. Stein and Mr. Reitz lack standing.  As previously detailed, no new facts have been alleged that would alter that ruling and plaintiffs without standing lack standing to add new plaintiffs.   And as we have argued, the new plaintiffs—even if they began anew—lack standing to raise the challenges presented here.  As the Third Circuit has made clear, "'standing is not dispensed in gross'" and, thus, a "plaintiff who raises multiple causes of

action 'must demonstrate standing for each claim he seeks to press.'" *In re Schering Plough Corp.*, 678 F.3d 235, 245 (3d Cir. 2012) (quoting *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)).  Put another way, "the standing inquiry requires a careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Id*.  In sum, the one set of plaintiffs who lack standing should not just be swapped out for another set who lack standing.

    For all the above reasons and for all the reasons in the defendants' incorporated motion to dismiss and their response to plaintiffs' cross motion for summary judgment, this Court should dismiss Plaintiffs' Amended Complaint with prejudice, and deem Plaintiffs' Cross Motion as moot, as set forth in the attached proposed order.

                                        Respectfully submitted,

                                        JOSH SHAPIRO
                                        Attorney General

                                        /s/ Sue Ann Unger
                                        _____

|  |  |
|---|---|
|  | Sue Ann Unger |
| Office of Attorney General | Senior Deputy Attorney General |
| 21 S. 12th Street, 3rd Floor | Attorney I.D. No. 39009 |
| Philadelphia, PA 19107 |  |
| Phone:  215-560-2127 | Kenneth Joel |
| Fax:  717-772-4526 | Chief Deputy Attorney General |

Case 2:16-cv-06287-PD   Document 80   Filed 04/19/17   Page 7 of 7

## CERTIFICATE OF SERVICE

I, Sue Ann Unger, hereby certify that the Defendants' motion has been filed electronically on April 19, 2017, and is available for viewing and downloading from the Court's Electronic Case Filing System. Plaintiffs' counsel is on the Court's electronic email notice list and has thus been served.

By:  /s/ Sue Ann Unger
Sue Ann Unger
Senior Deputy Attorney General
Attorney I.D. No. 39009

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107
Telephone:  (215) 560-2127
Fax:  717-772-4526