IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL STEIN, et al. | : | |
|     Plaintiffs, | : | CIVIL ACTION |
|     v. | : | |
| PEDRO A. CORTÉS, in his capacity as | : | |
| Secretary of the Commonwealth, et al. | : | NO. 16-6287 (PD) |
|     Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of the renewed motion of the Defendants Acting Secretary of the Commonwealth Torres and Commissioner Marks to dismiss Plaintiffs' Amended Complaint, it is hereby ORDERED that the motion is GRANTED. Plaintiffs' Amended Complaint is hereby DISMISSED with prejudice.

BY THE COURT:

_____
PAUL DIAMOND, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL STEIN, et al. | : | |
|     Plaintiffs, | : | CIVIL ACTION |
|     v. | : | |
| PEDRO A. CORTÉS, in his capacity as | : | |
| Secretary of the Commonwealth, et al. | : | NO. 16-6287 |
|     Defendants. | : | |

**RENEWED MOTION TO DISMISS AMENDED COMPLAINT**

Defendants Acting Secretary Robert Torres and Commissioner Jonathan Marks renew their motion to dismiss Plaintiffs' Amended Complaint, pursuant to Fed.R.Civ.P. 12(b) (1), (6), and (7), assert mootness, and incorporate by reference the attached memorandum of law and exhibits, ECF 74--their motion to dismiss the amended complaint which was denied without prejudice, and ECF 78 and 80--their responses to Plaintiffs' response and cross-motion for summary judgment.

Wherefore, this Court should grant the relief as set forth in the proposed order.

                                                            Respectfully submitted,

                                                            JOSH SHAPIRO
                                                           Attorney General

                                                           /s/ Sue Ann Unger
                                                           _____

| | |
|---|---|
| | Sue Ann Unger |
| Office of Attorney General | Senior Deputy Attorney General |
| 1600 Arch Street, 3rd Floor | Attorney I.D. No. 39009 |
| Philadelphia, PA 19103 | |
| 215-560-2127; fx: 717-772-4526 | Keli M. Neary |
| | Acting Chief Deputy Attorney General |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL STEIN, et al. | : | |
|     Plaintiffs, | : | CIVIL ACTION |
|     v. | : | |
| PEDRO A. CORTÉS, in his capacity as | : | |
| Secretary of the Commonwealth, et al. | : | NO. 16-6287 |
|     Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
RENEWED MOTION TO DISMISS AMENDED COMPLAINT**

Defendants[1] submit this motion in response to this Court's December 8, 2017 Order regarding the issue of mootness and its January 17, 2018 order granting the parties' letter requests and requiring Defendants to renew their motion to dismiss no later than February 9, 2018. *See* ECF 81, 86. Defendants incorporate by reference ECF 74--their motion to dismiss the amended complaint which was denied without prejudice. ECF 81. Defendants also incorporate by reference ECF 78 and 80--their responses to Plaintiffs' response and cross-motion for summary judgment. For the reasons in their incorporated filings above and for the reasons addressing mootness which follow, Plaintiffs' Amended Complaint should be dismissed.

**A.     PROCEDURAL/FACTUAL BACKGROUND RELEVANT TO THIS BRIEF**

The factual and procedural history of this matter has previously been set forth in the context of Defendants' motion to dismiss and will not be reiterated wholesale here. As relevant to the present mootness discussion, however, the following points are made.

Plaintiffs are Jill Stein who unsuccessfully ran for President of the United States in 2016 and received 49,941 votes in Pennsylvania—0.82% of the total vote cast in Pennsylvania—and

---

[1] Robert Torres was designated to serve as Acting Secretary of the Commonwealth on October 11, 2017. As former Secretary Cortés's successor, Acting Secretary Torres is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). The original caption is retained until the Court orders a change.

five voters from Montgomery County—four of whom speculate that their votes were not counted. *See* ECF 71, ¶¶ 9-15; *see also*

http://www.electionreturns.pa.gov/General/SummaryResults?ElectionID=54&ElectionType=G&IsActive=0 (Pennsylvania's election results and last visited January 9, 2018).  While Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief is long on rhetoric, in the end, Plaintiffs maintain that the voting machines in Pennsylvania are "vulnerable, hackable, [and] antiquated," that are "electoral black sites," and that the Pennsylvania Election Code is a "labyrinthine, incomprehensible, and impossibly burdensome" regime; and, in combination, these "arbitrary [and] unreasonable rules" place an "impossible burden on the right to vote", the "right to have one's vote counted," and the "right to pursue recounts in Pennsylvania."  *See* ECF 71, ¶¶ 1-5.[2]

Based on this story, Plaintiffs conclude that Defendants have violated their rights under the First Amendment, the Due Process Clause, and the Equal Protection Clause.  *See* ECF 71, Count I (Equal Protection), Count II (Due Process), Count III (First Amendment), Count IV (Due Process/ Equal Protection).[3]  Importantly, Plaintiffs do not claim that one particular provision—such as the Election Code's allowing the use of voting machines or the Election Code's setting forth the process for a recount—violates any specific constitutional requirement.  Instead, Plaintiffs' theory is that Defendants, through the combination of all of these purported problems, are maintaining and implementing a "system of voting that denies Pennsylvania voters the right to vote, to have

---

[2]   Plaintiffs spend many paragraphs concluding that the voting machines that are owned and operated by Pennsylvania's 67 counties are somehow vulnerable to attack.  *See* ECF 71, ¶¶ 33-56.  Notably missing from this rhetorical narrative is any factual allegation that any voting machine in the Commonwealth was hacked by anybody.

[3]   It is unclear how Count IV is substantively different than Count I or Count II.  *Compare* ECF 71, ¶¶ 122, 126, 133.  Perhaps the distinction is that Count IV is based upon a state-created right regarding recounts/recanvasses.  Regardless, for the reasons that follow, the entirety of Plaintiffs' Amended Complaint is now moot.

4

their votes counted, and to seek recounts/recanvassing of the vote." ECF 71, ¶ 123.  *See also* ECF 71, ¶¶ 126, 129, 133.

Plaintiffs specifically ask this Court for the following relief:  a declaration that Defendants violated the Equal Protection Clause, the Due Process Clause, and the First Amendment by "unreasonably burdening the right to vote of all Pennsylvania citizens" and by "instituting a fundamentally unfair process that denies and severely burdens the right to vote" and by "effectively denying the right to vote of all Pennsylvania citizens."  ECF 71, Prayer for Relief, ¶ 1.  In addition to this backward-looking request, Plaintiffs also ask this Court to declare, as it relates to statewide elections, that "applicable sections of the Pennsylvania Election Code"—both facially and as applied to the 2016 presidential election—violate these same constitutional provisions.  ECF 71, Prayer for Relief, ¶ 2.

Moreover, Plaintiffs request that this Court, as it relates to future statewide elections, "[e]njoin permanently the Defendants, their agents, officers and employees from enforcing applicable sections of the Pennsylvania Election Code" that violate these same constitutional provisions.  ECF 71, Prayer for Relief, ¶ 4.  Similarly, Plaintiffs ask this Court to affirmatively compel "Defendants, their agents, officers and employees to comply with Equal Protection, Due Process, and the First Amendment in future statewide elections."  ECF 71, Prayer for Relief, ¶ 5.  And, finally, Plaintiffs ask this Court to compel Defendants to "permit forensic examination by Plaintiffs of electronic voting machines and systems used in Pennsylvania, including Montgomery County."  ECF 71, Prayer for Relief, ¶ 6.[4]

---

[4] To be clear, Plaintiffs also ask for attorney's fees and costs, generalized other relief as this Court deems just and proper, and to declare that the rights and privileges of Plaintiffs and other citizens "will be irreparably harmed without the intervention of this Court to secure those rights."  ECF 71, Prayer for Relief, ¶¶ 3, 6, 7.  These additional requests do not alter the mootness of this litigation. *See, e.g., Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990) (an interest in recovering attorney's fees is insufficient to create an Article III case or controversy).

The 2016 presidential election occurred on November 8, 2016.  President Trump was elected President of the United States and inaugurated in January of 2017.  Since the November 2016 election, Pennsylvania has conducted two state-wide elections.  Exh. A (Declaration of Commissioner Marks, ¶ 10).  In May of 2017, Pennsylvania had a primary election that included many state-wide judicial offices.  *Ibid*.; s*ee* http://www.electionreturns.pa.gov/Home/SummaryResults?ElectionID=59&ElectionType=P&IsActive=0 (May 2017 primary election results, last visited January 9, 2018).  In November of 2017, Pennsylvania held a municipal election that, once again, included many state-wide judicial offices as well as a proposed ballot question relating to a potential amendment to the Pennsylvania Constitution. Marks Decl. ¶ 10, *see* http://www.electionreturns.pa.gov/General/SummaryResults?ElectionID=59&ElectionType=G&IsActive=0 (November 2017 general election results, last visited January 9, 2018).

**B.     GENERAL JUSTICIABILITY MAXIMS/MOOTNESS**

Article III of the U.S. Constitution "limits the federal judiciary's authority to exercise its 'judicial Power' to resolving 'Cases' and 'Controversies.'" *Hamilton v. Bromley*, 862 F.3d 329, 334 (3d Cir. 2017) (quoting U.S. Const. Art. III, § 2).  Indeed, the case-or-controversy limitation is essential to our government's system of separated powers.  *Id*. at 334 (citing *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009)).  This limitation serves to ensure that the "'Federal Judiciary respects the proper—and properly limited—role of the courts in a democratic society.'"  *Id*. at 334 (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)).  And the limitation is enforced through several justiciability doctrines including standing, ripeness, mootness, the political question doctrine, and the prohibition on rendering advisory opinions.  *Id*. at 334-35.

As it specifically relates to this filing, the mootness doctrine "'ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit.'" *Id*. at 335 (quoting *Freedom from Religion Found., Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cir. 2016)). And, the mootness doctrine is "'*concerned with the court's ability to grant effective relief*.'" *Id*. at 335 (emphasis added) (quoting *Cty. of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001)). In the end, "*a case is moot if* 'developments occur during the course of adjudication that eliminate *a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief*.'" *Id*. at 336 (emphasis added) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)). With these maxims in mind, we now turn to Plaintiffs' Amended Complaint and the relief they request.

1. **Declaratory Relief Cannot Be Provided For Past Conduct**

In Paragraph 1 of their Prayer for Relief, Plaintiffs ask this Court to declare that Defendants *violated* the U.S. Constitution. ECF 71, Prayer for Relief, ¶ 1. The law is clear, however, that "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct" and declaratory relief is not appropriate to "proclaim that one party is liable to another." *Corliss v. O'Brien*, 200 Fed. Appx. 80, 84 (3d Cir. 2006) (citing *inter alia Loveladies Harbor, Inc. v. United States,* 27 F.3d 1545, 1553–54 (Fed.Cir.1994) (en banc)).

Similarly, Plaintiffs desire a declaration that certain provisions—they do not specify which ones—facially and as applied to the 2016 presidential election violated their constitutional rights. ECF 71, Prayer for Relief, ¶ 2. Beyond the fact that such a declaration regarding past events is improper, this Court simply cannot grant any relief as it relates to any conduct surrounding the 2016 presidential election. Votes were case on November 8, 2016 using the voting machines

7

owned and operated by the 67 Pennsylvania Counties.[5] The time to seek and conduct a recount has long since passed. The election results were certified by then-Secretary Cortés and appropriate letters were signed by Governor Wolf and transmitted to federal authorities. The Electoral College met in December of 2017 and cast their votes. President Trump received more than 270 electoral votes and was inaugurated in January of 2017. Put simply, there is just no relief that this Court can provide as it relates to the 2016 presidential election.[6] *See also Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (holding, in a case seeking injunctive and declaratory relief, that such relief is only available so long as there is an actual controversy among the parties and that past exposure to illegal conduct does not establish a present case or controversy).[7]

### 2.     Injunctive Relief Compelling a Forensic Examination Is Now Moot

In their prayer for relief, Paragraph 6, Plaintiffs ask this Court to compel Defendants to "permit forensic examination by Plaintiffs of electronic voting machines and systems used in Pennsylvania, including in Montgomery County." Once again, this Court cannot provide this desired relief.[8]

To that end, the election about which Plaintiffs complain occurred in November of 2016. Since that time, there have been two state-wide elections—a primary election in May of 2017 and a general election in November of 2017. In these two elections, the voting machines—in Montgomery County and elsewhere—were used to record the votes cast. Put another way,

---

[5]     The focus of this filing is mootness; however, Defendants note that voting is supervised by county officials and much of the conduct relating to Plaintiffs' recount efforts takes aim at those local officials and not Defendants. *See*, *e.g.*, ECF 71, ¶¶ 62-64, 82-88, 91-92, 98-100, 105-113.

[6]     Defendants' renewed motion to dismiss further addresses why the requested declaratory relief is inappropriate. That argument is incorporated herein.

[7]     Plaintiffs tried to stop this process through their request for a preliminary injunction but failed. *See Stein v. Cortés*, 223 F. Supp. 3d 423 (E.D. Pa. 2016).

[8]     Of course, it bears repeating that the voting machines are operated and maintained by the counties—who have not been sued—and not the Commonwealth.

forensically examining the voting machines—whatever that ultimately means—throughout the Commonwealth to see if the machines were hacked for the November 2016 presidential election is now pointless since these same machines have been used for two subsequent elections. As the attached declaration of Commissioner Marks shows, the 2016 data in the voting machines, that have been used twice since then, cannot be retrieved. Exh. A.

### 3. Prospective Injunctive Relief

This leaves Plaintiffs' request to have this Court stop Defendants from "enforcing applicable sections of the Pennsylvania Election Code" in future statewide elections while at the same time compelling Defendants to "comply with Equal Protection, Due Process, and the First Amendment in future statewide elections." Once again, since Plaintiffs' claims are wholly based on what happened during the 2016 presidential election; such requests are moot. *See Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (concluding that the alleged conduct about which the plaintiff complained was no longer occurring and, thus, case was moot and to continue the plaintiff would need to invoke an exception to the mootness doctrine).[9]

As with most election matters, we expect that Plaintiffs will try to get around this by invoking the "capable of repetition yet evading review" doctrine. This doctrine does not aid Plaintiffs here. Specifically, the "capable-of-repetition doctrine is a *narrow exception* that '*applies only in exceptional situations*' where '(1) the challenged action is in its duration too short to be

---

[9] Before turning to the mootness argument, Defendants note that if this Court were to strike the challenged provisions of the Pennsylvania Election Code—which provide the process for recounts—there would be no ability for any voter to seek a recount and, thus, Plaintiffs really will achieve nothing. Put another way, absent these provisions and absent further action by the General Assembly to enact a new law, there will be no ability for voters to seek a recount. The right to a recount is a state-created right, not a federally created right. This result is directly at odds with what Plaintiffs want, which is an easier recount method. As for the request for mandatory injunctive relief, Plaintiffs really are inappropriately asking this Court to order Defendants to follow the law.

9

fully litigated prior to cessation or expiration, *and* (2) there is a *reasonable expectation that the same complaining party will be subject to the same action again.*'"  *Hamilton*, 862 F.3d at 335 (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).  In other words, even where litigation matters may be short in duration, to avoid dismissal on mootness grounds there must be a "'reasonable expectation' or 'demonstrated probability' that the 'same controversy will recur.'"  *Id*. at 335 (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).

While plaintiffs base their claims on their right to vote, their request for injunctive relief necessarily implies continuing present, adverse effects.  *See Los Angeles v. City of Lyons*, 461 U.S. 95, 103 (1983) ("[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by continuing, present, adverse effects.").  They implicitly suggest that President Trump's election is an adverse effect.  That is undoubtedly a non-justiciable issue.

As explained in the incorporated motion to dismiss, this Court already ruled that neither of the original plaintiffs—Dr. Stein and Mr. Reitz—had standing.  Dr. Stein does not claim Pennsylvania residency.  "To obtain injunctive relief, a plaintiff must allege facts demonstrating the likelihood that she will suffer future injury."  *Gochin v. Thomas Jefferson Univ*., No. 16CV6153, 2017 WL 2152177, at *8 (E.D. Pa. May 17, 2017) (citing *O'Callaghan v. Hon. X.*, 661 Fed.Appx. 179, 182 (3d Cir. 2016).  The claims are thus clearly moot for the only original Pennsylvania plaintiff.

The claims are also moot overall.  Here, then, there must be a reasonable expectation or demonstrated probability that Stein will run again for President of the United States.[10]  There also

---

[10]    Plaintiffs' relief is phrased in terms of future statewide elections; however, Stein does not allege to be a Pennsylvania resident and, thus, the only statewide election in which she could run for is President or Vice-President of the United States.

10

must be a reasonable expectation or demonstrated probability that the other named Plaintiff or Plaintiffs, if the Court rejects the argument in the renewed motion to dismiss that the new Plaintiffs' claims cannot be considered, will experience the same types of difficulties on a statewide election-day that suggest that their particular votes were not counted. There must also be a reasonable expectation or demonstrated probability that these Plaintiffs will be thwarted by the counties in their attempt to seek a statewide recount.[11] The Amended Complaint makes clear, moreover, that what is driving Plaintiffs' causes of action is their fear that Pennsylvania voting machines were hacked, that their votes were not counted, and that there is no way to verify their votes. Plaintiffs concede, however, that their concerns occurred "in the context of [the 2016] election" and that the "2016 presidential election was subject to unprecedented cyberattacks." ECF 71, ¶ 57. In other words, it is sheer speculation that this confluence of events will occur in 2020—or at any time in the future.

Indeed, President Trump disbanded the White House voter fraud commission and instructed the Department of Homeland Security (DHS), a cabinet-level agency, to investigate possible voter fraud issues. Moreover, in January 2017, the Secretary of DHS designated U.S. election systems as part of the nation's critical infrastructure. https://www.dhs.gov/news/2017/01/06/statement-secretary-johnson-designation-election-infrastructure-critical (attached as Exh. B). The designation makes elections infrastructure a cybersecurity priority for DHS, and entitles state and local jurisdictions to avail themselves of cybersecurity services through DHS. These actions further reduce the likelihood of a repetition of the 2016 confluence of events.

---

[11] Of course, if the difference between the top two vote-getters in the 2020 Pennsylvania presidential general election are within 0.5% of each other, an automatic recount occurs—at the Commonwealth's expense. *See* 25 P.S. § 3154.

Other matters also contribute to mootness. The United States Supreme Court in *Husted v. A. Philip Randolph Institute* is considering the legality of a voter roll maintenance process--whether States can remove voters from eligible-voter databases due to inactivity. Acting Secretary of State Torres today issued a directive that all Commonwealth voting systems purchased from February 9, 2018, forward must employ a voter-verifiable paper ballot or paper record of votes cast. Exh. C (News Release). The directive thus requires counties, when purchasing machines, to obtain machines with paper audit trails. And Congress is considering S. 2261--the Secure Elections Act--sponsored by Senator James Lankford. The above reduces the likelihood of the confluence of events that led to the 2016 challenged election. This matter is moot.

## C. CONCLUSION

This Court should dismiss Plaintiffs' Amended Complaint with prejudice, as set forth in the attached proposed order.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

/s/ Sue Ann Unger
_____

Sue Ann Unger
Senior Deputy Attorney General
Attorney I.D. No. 39009

Office of Attorney General
1600 Arch Street, 3rd Floor
Philadelphia, PA 19103
Phone: 215-560-2127
Fax: 717-772-4526

Keli M. Neary
Acting Chief Deputy Attorney General

## CERTIFICATE OF SERVICE

I, Sue Ann Unger, hereby certify that the Defendants' motion has been filed electronically on February 9, 2018, and is available for viewing and downloading from the Court's Electronic Case Filing System. Plaintiffs' counsel is on the Court's electronic email notice list and has thus been served.

|  |  |
|---|---|
|  | By: /s/ Sue Ann Unger |
|  | Sue Ann Unger |
| Office of Attorney General | Senior Deputy Attorney General |
| 21 S. 12th Street, 3rd Floor | Attorney I.D. No. 39009 |
| Philadelphia, PA 19107 |  |
| Telephone: (215) 560-2127 |  |
| Fax: 717-772-4526 |  |