UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL STEIN, RANDALL REITZ, ROBIN HOWE, SHANNON KNIGHT, EMILY COOK, and KIMBERLY KUPKA,<br><br>               Plaintiffs,<br><br>      -against-<br><br>PEDRO A. CORTÉS, in his official capacity as Secretary of the Commonwealth; and JONATHAN MARKS, in his official capacity as Commissioner of the Bureau of Commissions, Elections, and Legislation,<br><br>               Defendants. | No. 16-CV-6287 (PD) |

## RENEWED CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiffs Jill Stein, Randall Reitz, Robin Howe, Shannon Knight, Emily Cook, and Kimberly Kupka renew and incorporate by reference their cross-motion for summary judgment as to liability on all causes of action in the Amended Complaint pursuant to Federal Rule of Civil Procedure 56, upon the Amended Complaint, all exhibits annexed thereto and incorporated by reference therein, and their previously filed memoranda of law (ECF No. 75, 76, 79).

Wherefore, this Court should grant the relief as set forth in the proposed order.

Dated: February 23, 2018

MONTGOMERY McCRACKEN WALKER &
RHOADS LLP

Gregory M. Harvey
Jeremy Gunn
123 South Broad Street
Philadelphia, PA 19109
Phone: 215-772-7684
Fax: 215-772-7620
Email: gharvey@mmwr.com


EMERY CELLI BRINCKERHOFF & ABADY
LLP

_____/s/_____
Ilann M. Maazel*
Andrew G. Celli, Jr.*
Alison E. Frick*
Douglas E. Lieb*
600 Fifth Avenue, 10th Floor
New York, NY 10020
Phone: 212-763-5000
Fax: 212-763-5001
Email: imaazel@ecbalaw.com

* *Admitted pro hac vice*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JILL STEIN, et al.,**

              **Plaintiffs,**

      **v.**                              **Civ. No. 16-6287**

**PEDRO A. CORTÉS,**
*in his official capacity as Secretary of the*
*Commonwealth of Pennsylvania***, et al.,**
              **Defendants.**

---

## [PROPOSED] ORDER

      **AND NOW**, this _____ day of _____, 2018, Defendants' motion to

dismiss the Amended Complaint having been converted into a motion for summary judgment,

upon consideration of Defendants' motion and Plaintiffs' cross-motion for summary judgment, it

is hereby **ORDERED** that Plaintiffs' motion is **GRANTED** and Defendants' motion is

**DENIED**.  Judgment as to liability on all four causes of action in the Amended Complaint is

hereby **GRANTED** in Plaintiffs' favor.  The parties are hereby **ORDERED** to submit

simultaneous briefs on _____, 2018 concerning the appropriate remedy in

this case.

                                   **AND IT IS SO ORDERED.**

                                _____

                                Paul S. Diamond, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JILL STEIN, RANDALL REITZ, ROBIN HOWE,
SHANNON KNIGHT, EMILY COOK, and
KIMBERLY KUPKA,

               Plaintiffs,

    -against-                             No. 16-CV-6287 (PD)

PEDRO A. CORTÉS, in his official capacity as
Secretary of the Commonwealth; and JONATHAN
MARKS, in his official capacity as Commissioner
of the Bureau of Commissions, Elections, and
Legislation,

               Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
RENEWED MOTION TO DISMISS AMENDED COMPLAINT AND IN SUPPORT
OF PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT**

Montgomery McCracken Walker & Rhoads LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-7684

Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

## TABLE OF CONTENTS

PAGE NO.

TABLE OF AUTHORITIES .......................................................................................................ii-iii

PLAINTIFFS' RENEWAL OF SUMMARY JUDGMENT MOTION AND
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ......................................................1

THE CASE IS NOT MOOT: PRELIMINARY STATEMENT ....................................................1

FACTUAL AND PROCEDURAL BACKGROUND....................................................................2

LEGAL STANDARD....................................................................................................................3

ARGUMENT .................................................................................................................................4

      I.      THIS CASE IS NOT MOOT BECAUSE THE COMMONWEALTH IS STILL
            RUNNING THE SAME UNCONSTITUTIONAL ELECTION SYSTEM ...........4

      II.     THE STATEWIDE ELECTIONS HELD IN 2017 ARE IMMATERIAL.............8

CONCLUSION.............................................................................................................................10

## TABLE OF AUTHORITIES

PAGE NO.

**CASES:**

*Acosta v. Democratic City Cmte.*,
--- F. Supp. 3d -----, 2018 WL 525473 (E.D. Pa. Jan. 23, 2018) ........................ 7

*Am. Civil Liberties Union of N.M. v. Santillanes*,
546 F.3d 1313 (10th Cir. 2008) ....................................................................... 5

*Baldwin v. Cortes*,
378 F. App'x 135 (3d Cir. 2010) ..................................................................... 7

*Belitskus v. Pizzingrilli*,
343 F.3d 632 (3d Cir. 2003) ............................................................................ 7

*Campbell-Ewald Co. v. Gomez*,
136 S. Ct. 663 (2016) ................................................................................ 3, 5, 8

*Citizen Ctr. v. Gessler*,
770 F.3d 900 (10th Cir. 2014) ......................................................................... 5

*Common Cause/Ga. v. Billups*,
554 F.3d 1340 (11th Cir. 2009) ....................................................................... 5

*Corliss v. O'Brien*,
200 F. App'x 80 (3d Cir. 2006) ....................................................................... 8

*Dunn v. Mercedes Benz of Ft. Washington, Inc.*,
No. 10-1662, 2012 WL 424984 (E.D. Pa. Feb. 10, 2012) ................................ 9

*Gould Elecs. Inc. v. United States*,
220 F.3d 169 (3d Cir. 2000) ............................................................................ 3

*Hamilton v. Bromley*,
862 F.3d 329 (3d Cir. 2017) ............................................................................ 7

*Int'l Org. of Masters, Mates & Pilots v. Brown*,
498 U.S. 466 (1991) ........................................................................................ 7

*League of Women Voters of Ohio v. Brunner*,
548 F.3d 463 (6th Cir. 2008) ........................................................................... 6

*Merle v. United States*,
76 F. App'x 466 (3d Cir. 2003) ....................................................................... 7

*Morse v. Republican Party of Va.*,
    517 U.S. 186 (1996)............................................................................................ 7

*Mosaid Techs. Inc. v. Samsung Elecs. Co.*,
    348 F. Supp. 2d 332 (D.N.J. 2004) .......................................................... 9, 10

*Old Bridge Owners Co-Op. Corp. v. Township of Old Bridge*,
    246 F.3d 310 (3d Cir. 2001).......................................................................... 6

*Stewart v. Blackwell*,
    444 F.3d 843 (6th Cir. 2006) ........................................................................ 5

*Stream Cos. v. Windward Advert.*,
    No. 12-CV-4549, 2013 WL 3761281 (E.D. Pa. July 17, 2013)..................... 10

*Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*,
    535 U.S. 635 (2002)........................................................................................ 8

*Zubulake v. UBS Warburg LLC*,
    220 F.R.D. 212 (S.D.N.Y. 2003) .................................................................. 9

**RULES:**

Federal Rule of Civil Procedure 12(b)(1) ............................................................. 3

**PLAINTIFFS' RENEWAL OF SUMMARY JUDGMENT MOTION AND
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs hereby renew and incorporate by reference their cross-motion for summary

judgment and opposition to Defendants' initial motion to dismiss, ECF Nos. 75, 76, as well as

their reply in support of their cross-motion, ECF No. 79.

## THE CASE IS NOT MOOT: PRELIMINARY STATEMENT

Plaintiffs' Amended Complaint challenges Pennsylvania's current election *system*.  That

system compels voters to vote on unreliable machines that fail to count their votes, then erects

arbitrary and irrational obstacles that eviscerate the state-law procedures available to voters to

make their votes count.  Plaintiffs allege that this system is unconstitutional because it severely

burdens the fundamental right to vote and because Defendants fail to justify the burden by

identifying any precise interest it serves.  Plaintiffs seek declaratory and injunctive relief to

prevent Defendants from continuing to administer Pennsylvania's elections in this manner.

Nothing about this broken system has changed since Plaintiffs filed their Amended

Complaint on February 14, 2017.  This case is not moot.

Defendants' new motion alludes to a grab bag of events that have happened since the

2016 presidential election.  The state has conducted more elections on the same machines under

the same governing law.  The federal government has designated election systems as "critical

infrastructure," whatever that means.  The Acting Secretary of the Commonwealth issued a

directive—on the day Defendants' mootness brief was due—that requires *new* voting systems to

have some sort of paper trail, but gives no deadline to acquire anything, makes no changes to

existing systems, and allows the purchase of new machinery with an inadequate paper trail.  A

U.S. Senator has introduced a bill called the "Secure Elections Act."

1

None of these events changed the system that Plaintiffs challenge.  None has any effect on this case.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Jill Stein and Randall Reitz filed this case on December 5, 2016—while the vote was still being counted in some Pennsylvania counties, before Pennsylvania certified its electors to the Electoral College, and before Donald Trump was officially elected President. ECF No. 2.  Plaintiffs moved for a preliminary injunction that would require a full recount of paper ballots in Pennsylvania counties with optical scan machines and a thorough forensic examination of the central computing systems in a random sample of counties using direct-recording electronic (DRE) voting machines.  ECF No. 4.  The Court denied the motion.  ECF Nos. 55, 56.  Defendants moved to dismiss.  ECF No. 68.

In response, Plaintiffs filed an Amended Complaint, which incorporated a host of supporting evidence and added four additional Pennsylvania voters as named Plaintiffs.  ECF No. 71 ("Am. Compl.").  The Amended Complaint alleges that the electronic voting machines used in much of the Commonwealth are outmoded, unreliable, and susceptible to attack and error.  *Id.* ¶¶ 24-56.  It further alleges that the statutory scheme for voter-initiated recounts in Pennsylvania is illusory: voters must meet secret, shifting deadlines tied to events that are required to happen by law but do not happen in practice; costs are prohibitive; and the burden of filing 27,474 notarized petitions in 9,158 districts statewide is impossible to meet.  *Id.* ¶¶ 58-80. These problems all came to a head in the 2016 election.  Election systems throughout the country were subject to unprecedented cyberattack, Pennsylvania voters personally observed DRE machines fail to count their votes, and arbitrary bureaucratic hurdles denied those same voters the ability to determine whether their votes counted.  *Id.* ¶¶ 81-116.  Plaintiffs allege that, in

combination, the widespread use of unreliable machines with no paper trail and the illusory

recount process infringe the constitutional right to vote and to have one's vote count.  *Id.* ¶¶ 118-

34.

Defendants moved to dismiss the Amended Complaint on the basis of facts outside the

pleadings.  ECF No. 74.  Plaintiffs asked that Defendants' motion be converted into a motion for

summary judgment and cross-moved for summary judgment.  ECF No. 75.  Both motions were

fully briefed as of April 19, 2017.  On December 8, 2017, the Court *sua sponte* dismissed both

parties' motions without prejudice and ordered the parties to addressed supplemental briefing

concerning mootness.  ECF No. 81.  The Court then granted Plaintiffs' request for an opportunity

to respond to any arguments Defendants might wish to make about mootness.  ECF No. 86.

Defendants renewed their motion to dismiss on February 9, 2018 and argued that the Amended

Complaint was moot.  ECF No. 87.  Plaintiffs submit this memorandum of law to address

Defendants' mootness arguments.

## LEGAL STANDARD

"A case becomes moot . . . only when it is *impossible* for a court to grant *any* effectual

relief whatever to the prevailing party.  As long as the parties have a concrete interest, however

small, in the outcome of the litigation, the case is not moot."  *Campbell-Ewald Co. v. Gomez*,

136 S. Ct. 663, 669 (2016) (emphasis added) (citations and quotation marks omitted).

Because Defendants' renewed motion disputes the existence of subject-matter

jurisdiction on the basis of evidence outside the pleadings, it is properly characterized as a

"factual" challenge under Rule 12(b)(1).  *See Gould Elecs. Inc. v. United States*, 220 F.3d 169,

177 (3d Cir. 2000).  In the event there is a disputed issue of material fact in resolving such a

motion, "the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination." *Id.*

## ARGUMENT

### I.   THIS CASE IS NOT MOOT BECAUSE THE COMMONWEALTH IS STILL RUNNING THE SAME UNCONSTITUTIONAL ELECTION SYSTEM

This lawsuit is a structural reform case. At its core is Plaintiffs' demand for prospective equitable relief to fix Pennsylvania's unconstitutional election system that denies citizens the right to have their votes count.

Defendants claim that this central aspect of Plaintiffs' case is moot because "Plaintiffs' claims are wholly based on what happened during the 2016 presidential election" and because their request for prospective relief depends upon the "non-justiciable" assumption that the Trump presidency is an ongoing "adverse effect." Defs.' Mem. 9-10. By Defendants' logic, Plaintiffs' claims became moot when Trump became President, before the Amended Complaint was even filed.

This argument was equally available to Defendants on their initial motion to dismiss, and they did not make it—with good reason. No reasonable reading of the Amended Complaint supports Defendants' assertion that Plaintiffs' claims are based solely on the 2016 election. The Amended Complaint and its supporting affidavits comprehensively discuss systemic deficiencies in the voting systems used today in the Commonwealth. *See* Am. Compl. ¶¶ 24-56; Halderman Decl. (ECF No. 8); Hursti Aff. (ECF No. 10); Lopresti Aff. (ECF No. 11); Buell Aff. (ECF No. 12); Hoke Aff. (ECF No. 13). These systems are unreliable and vulnerable to malfunction and malfeasance in every election. Similarly, Plaintiffs allege that the statutory scheme governing voter-initiated recounts, and the official practices of the officials who implement that scheme

from election to election, erect arbitrary and insurmountable barriers to a recount.  *See* Am. Compl. ¶¶ 58-80.  These problems extend to every election, not just the 2016 election.

The harm that Plaintiffs seek to remedy through prospective injunctive relief is not the Trump presidency.  *Cf.* Defs.' Mem. 10.  It is the systemic denial of Pennsylvanians' right to have their vote count in future elections.  Every time Plaintiffs Reitz, Howe, Knight, Cook, and Kupka (the "Voter Plaintiffs") attempt to vote in local, state, and federal elections, they are treated unequally from Pennsylvanians in other counties who do not have to vote on unreliable electronic machines.  *See Citizen Ctr. v. Gessler*, 770 F.3d 900, 913-14 (10th Cir. 2014); *Am. Civil Liberties Union of N.M. v. Santillanes*, 546 F.3d 1313, 1319 (10th Cir. 2008).  Every time the Voter Plaintiffs vote, they do so under unconstitutional conditions and face the risk of disenfranchisement.  *See Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1351-52 (11th Cir. 2009); *Stewart v. Blackwell*, 444 F.3d 843, 854 (6th Cir. 2006), *vacated as moot*, 473 F.3d 692 (6th Cir. 2007).

Defendants continue to administer exactly the same election system that disenfranchised voters in the 2016 presidential election.  The Voter Plaintiffs retain the same compelling interest they have always had in ensuring that Pennsylvania's election system does not disenfranchise them in the future.  *See Campbell-Ewald*, 136 S. Ct. at 669.  Plaintiffs' case is therefore not moot: it remains just as possible to provide Plaintiffs with prospective relief as it was the day the case was filed.[1]  *See id.*; Ex. A (Declaration of Candice Hoke dated February 22, 2018) ¶¶ 5, 8.

---

[1]    Yet again contradicting the allegations of the Amended Complaint, Defendants assert that "what is driving Plaintiffs' causes of action is their fear that Pennsylvania voting machines were hacked," and they claim that hacking is unlikely to occur again in the future.  *See* Defs.' Mem 11.  In fact, the Amended Complaint is agnostic as to whether the machines failed to count the votes in the 2016 election because they were hacked or because they broke.  *See* Am. Compl. ¶¶ 82-89; *see also* Pltfs.' Memo. of Law in Opp'n to Defs.' Mot. to Dismiss (ECF No. 76) at 7 n.4

Defendants assemble a seemingly random grab bag of events relating to election administration that have happened since December 2016, but none changed the system that Plaintiffs challenge, and none moots the case.  *See Old Bridge Owners Co-Op. Corp. v. Township of Old Bridge*, 246 F.3d 310, 314 (3d Cir. 2001) ("A central question in determining mootness is whether a change in circumstances since the beginning of the litigation precludes any occasion for meaningful relief.").  Defendants fail to explain how President Trump's request that the Department of Homeland Security investigate voter fraud or the same Department's designation of voting systems as "critical infrastructure" could make Pennsylvania's voting machines any more reliable, or its statutory election scheme any more fair.  Defs.' Mem. 11.  The U.S. Supreme Court's consideration of the legality of voter roll purges will at most affect who can vote, not whether the votes cast are properly counted.  *See id.* at 12.  The Acting Secretary of the Commonwealth's proclamation only affects new election systems that may hypothetically be purchased at some unknown time in the future; it does not change current conditions, expressly allows them to continue, and permits even new systems to be inadequate.  *See id.* & Ex. A ¶¶ 5-10.  That one Senator proposed a law called the "Secure Elections Act" means nothing; Congress considers many bills without passing them.  *See id.* at 12.  As the Sixth Circuit noted, facing similar arguments from Ohio seeking to dismiss as moot a constitutional challenge to the "system-wide chaos" evident in the 2004 election, "It is hard to see how the voluntary passage of legislation or issuance of directives can moot claims such as these."  *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 474 (6th Cir. 2008) (holding, *inter alia*, that state's passage of law providing for verified paper audit trails for electronic voting machines did not moot plaintiffs' claims).

---

("*Why* the machines malfunctioned—whether they were tampered with or simply misfired—is a question to be answered later that is not relevant on these motions.").

Because this case is not moot, Plaintiffs need not rely on the "capable of repetition yet evading review" doctrine, which is an "*exception[]* to mootness." *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (emphasis added). Still, the exception applies. *Cf.* Defs.' Mem. 9-11. Election cases are the quintessential controversies that are capable of repetition yet evading review. *See, e.g.*, *Morse v. Republican Party of Va.*, 517 U.S. 186, 235 n.48 (1996); *Belitskus v. Pizzingrilli*, 343 F.3d 632, 648 (3d Cir. 2003); *Baldwin v. Cortes*, 378 F. App'x 135, 137-38 (3d Cir. 2010); *Merle v. United States*, 76 F. App'x 466, 468 (3d Cir. 2003) ("This controversy, like most election cases, fits squarely within the 'capable of repetition yet evading review' exception to the mootness doctrine."); *Acosta v. Democratic City Cmte.*, --- F. Supp. 3d -----, 2018 WL 525473, at *13-14 (E.D. Pa. Jan. 23, 2018).

Plaintiff Stein's claim that she was deprived of votes she earned meets both requirements for the "capable of repetition yet evading review" exception. First, her claim could not be fully litigated before the results of the 2016 presidential election became final. *See Baldwin*, 378 F. App'x at 135. Second, there is a reasonable expectation that Stein will be subject to the same challenged action—the failure to count votes she earned—again. In *Merle*, the Third Circuit specifically rejected defendants' claims that a candidate must introduce evidence expressing an intention to run for office again to qualify for the "capable of repetition yet evading review" exception. *See* 76 F. App'x at 468. It concluded that it was "reasonable to expect" that a candidate who has run for an office on multiple occasions before would do again at some point in the future. *Id.* (citing *Int'l Org. of Masters, Mates & Pilots v. Brown*, 498 U.S. 466, 473 (1991)). The same logic applies here: there is a reasonable expectation that Stein, a two-time candidate for President of the United States, will have votes miscounted in Pennsylvania in future presidential elections.

Finally, Defendants' arguments concerning the unavailability of declaratory relief have

no force.  *See* Defs.' Mem. 7-8.  Declaratory relief is "inappropriate *solely* to adjudicate past

conduct."  *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006).  But Plaintiffs' case is not

concerned solely, or even primarily, with past conduct.  It is proper for the Court to declare that

Defendants violated Plaintiffs' constitutional rights in the past as part of its resolution of an

ongoing controversy that affects how Defendants administer Pennsylvania elections in the future.

*See, e.g.*, *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645-46 (2002).

## II.    THE STATEWIDE ELECTIONS HELD IN 2017 ARE IMMATERIAL

As Defendants recognize, the primary election held in May 2017 and the general election

held in November 2017 could only—at most—moot Plaintiffs' request for forensic examination

of electronic voting machines and systems used in Pennsylvania.  *See* Defs.' Mem. 8-9; Am.

Compl. ¶ 56 & Prayer for Relief.  Because these elections have no bearing on the rest of

Plaintiffs' requested relief, they cannot moot the case.  *See Campbell-Ewald*, 136 S. Ct. at 669.

In any event, Defendants fail even to show that Plaintiffs' request for "forensic

examination of electronic voting machines and systems used in Pennsylvania, including in

Montgomery County," is moot.  Am. Compl. Prayer for Relief.

First, the evidence introduced by Defendants speaks only to voting *machines*, not to the

central computer systems from which those machines are run.  Commissioner Jonathan Marks

explains in his declaration that "voting machines" are locked after votes are cast, sealed after

each election, unsealed before the next election for testing, and then sealed again.  Marks. Decl.

(ECF No. 81, Ex. A) ¶¶ 3, 6-9.  The upshot is that "[n]o records or data from the previous

election is available on or can be retrieved *from the voting machines* once they've been prepared,

tested, and sealed for the next subsequent election."  *Id.* ¶ 9 (emphasis added).  Defendants

introduce no evidence that data from the 2016 election has been purged from election

management computer systems.  In fact, without a forensic evaluation, it would be impossible to say with certainty whether the relevant data is irretrievable.  Ex. A ¶¶ 13-14.

Second, Defendants cannot moot Plaintiffs' claims by destroying and spoliating evidence. Defendants have been on notice since no later than the filing of the initial complaint on December 5, 2016 that Plaintiffs challenged the machines' failure to properly count votes during the 2016 election and sought a forensic examination of the machines.[2]  When the duty to preserve evidence is triggered by actual or impending litigation, "a litigant must 'suspend its routine document retention/destruction policy and put in place a "litigation hold" to ensure the preservation of relevant documents.'"  *Dunn v. Mercedes Benz of Ft. Washington, Inc.*, No. 10-1662, 2012 WL 424984, at *5 (E.D. Pa. Feb. 10, 2012) (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003)); *see Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 338 (D.N.J. 2004) (defendant's failure to implement litigation hold and destruction of relevant emails "go far beyond mere negligence").

Defendants do not indicate that they implemented a litigation hold, took any measures themselves to preserve voting machine data, or instructed county-level officials to do so.  Nor do they state that they were required—either by law or by necessity—to seal, wipe, and re-seal the machines without preserving their contents in the manner Commissioner Marks describes.  *See generally* Marks Decl.  It appears that Defendants operated as if there were no lawsuit and apparently destroyed evidence that they knew was critical to Plaintiffs' claims in this case.

When a party "has notice that evidence is relevant to an action, and either proceeds to destroy that evidence or allows it to be destroyed by failing to take reasonable precautions,"

---

[2]     Defendants were aware no later than November 28, 2016, that Plaintiff Jill Stein and her campaign had organized a statewide recount and recanvass effort to ensure that the machines had accurately tabulated people's votes.  *See generally* Am. Compl. Exs. 32A through 32D.

sanctions—not the windfall of dismissing the opposing party's case—are appropriate. *Mosaid*, 348 F. Supp. 2d at 338; *see also, e.g.*, *Stream Cos. v. Windward Advert.*, No. 12-CV-4549, 2013 WL 3761281, at *14 (E.D. Pa. July 17, 2013) (imposing sanctions for defendants' destruction of emails).

## CONCLUSION

Nothing has happened since the filing of the Amended Complaint to moot this case.  The Court should convert Defendants' motion to dismiss to a motion for summary judgment and deny it; grant Plaintiffs' cross-motion for summary judgment; and enter judgment as to liability in favor of Plaintiffs.

Dated: February 23, 2018

MONTGOMERY McCRACKEN WALKER
& RHOADS LLP

Gregory M. Harvey (PA Attorney ID 4445)
Jeremy Gunn
Montgomery McCracken Walker & Rhoads LLP
123 South Broad Street
Philadelphia, PA 19109
Phone: 215-772-7684
Fax: 215-772-7620
Email: gharvey@mmwr.com

EMERY CELLI BRINCKERHOFF
& ABADY LLP

_____/s/_____
Ilann M. Maazel*
Alison E. Frick*
Douglas E. Lieb*
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
Phone: 212-763-5000
Fax: 212-763-5001
Email: imaazel@ecbalaw.com
*Admitted pro hac vice*

10