IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL STEIN, et al. : | |
|     Plaintiffs, : | CIVIL ACTION |
|         v. : | |
| PEDRO A. CORTÉS, in his capacity as : | |
| Secretary of the Commonwealth, et al. : | NO. 16-6287 (PD) |
|     Defendants. : | |

## ORDER

AND NOW, this          day of                 , 2018, upon consideration of the renewed motion of the Defendants Acting Secretary of the Commonwealth Torres and Commissioner Marks to dismiss Plaintiffs' Amended Complaint (ECF 87), Plaintiffs' responses and cross motion for summary judgment (ECF 88, 89), and Defendants' response to Plaintiffs' submissions, it is hereby ORDERED that the Defendants' renewed motion to dismiss is GRANTED, and Plaintiffs' cross motion to summary judgment is deemed withdrawn. Plaintiffs' Amended Complaint is hereby DISMISSED with prejudice.

BY THE COURT:

_____
PAUL DIAMOND, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL STEIN , et al. : | |
|     Plaintiffs, : | CIVIL ACTION |
|           v. : | |
| PEDRO A. CORTÉS, in his capacity as : | |
| Secretary of the Commonwealth, et al. : | NO. 16-6287 |
|     Defendants. : | |

**RESPONSE TO PLAINTIFFS' RENEWED CROSS MOTION FOR SUMMARY JUDGMENT AND REPLY IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS AMENDED COMPLAINT**

Defendants Acting Secretary of the Commonwealth Torres and Commissioner Marks oppose Plaintiffs' cross motion for summary judgment, reply in support of the Defendants' motion to dismiss Plaintiffs' Amended Complaint, and incorporate by reference their response to Plaintiff's first cross motion for summary judgment, ECF 78, as well as their subsequent reply ECF 80, in addition to the attached memorandum of law and the Defendants' renewed motion to dismiss with its incorporated memorandum of law.

Wherefore, this Court should grant the relief as set forth in the proposed order.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

/s/ Sue Ann Unger
_____

Sue Ann Unger
Senior Deputy Attorney General
Attorney I.D. No. 39009
Keli M. Neary
Acting Chief Deputy Attorney General

Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
215-560-2127; fx: 717-772-4526

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL STEIN , et al. | : | |
|     Plaintiffs, | : | CIVIL ACTION |
|     v. | : | |
| PEDRO A. CORTÉS, in his capacity as | : | |
| Secretary of the Commonwealth, et al. | : | NO. 16-6287 |
|     Defendants. | : | |

**BRIEF IN RESPONSE TO PLAINTIFFS' RENEWED CROSS MOTION FOR SUMMARY JUDGMENT AND REPLY IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS AMENDED COMPLAINT**

Defendants' incorporated responses in opposition to Plaintiffs' previous cross motion for summary judgment address the arguments Plaintiffs repeat in their renewed cross motion. ECF 78 and 80. This short brief points out the flaws in Plaintiffs' specious spoliation argument, in their yet another repetitive expert declaration, and in their reliance on the Schneider interview. ECF 88, 89.

As the record shows, the elections in Pennsylvania form a highly decentralized process, with different types of voting systems in different counties, which have different procedures. ECF 57 at 59 (transcript of preliminary injunction hearing). The voting machines belong to the counties, not to the Defendants. The Secretary lacks the authority to require the counties to preserve the voting machines; and trying to do that could have affected subsequent elections. Counties reuse the same machines in each election; between the primaries and general elections, there is an election of some sort around every six months (not counting special elections). Preserving these machines intact would require the counties to procure more of them, or adapt to a different system of voting. If Plaintiffs, represented by competent counsel, had wanted the data in various county voting machines preserved, they could have requested court intervention and perhaps paid to have that data preserved, if that were even possible.

They did not take any such step; and as seen *infra* their new expert does not even suggest that preservation of the date on the county voting machines would have helped Plaintiffs. In light of the record, it is impossible to foresee how a forensic examination of the counties' voting machines could show whether the five Pennsylvania Plaintiffs' votes were counted. Their spoliation argument lacks any basis. Moreover, it would be Plaintiffs' burden to show that the Defendants had actual control over the machines and spoliated. Their spoliation argument is a red herring.

Plaintiffs also attach a declaration by yet another expert. ECF 88-1. Their new expert, Dr. Hoke, seems to support their notion that their proposed forensic fishing expedition into the central management system could possibly catch something (which of course negates their spoliation theory). That is not enough. They first have to show the plausibility that there was hacking or that broken voting machines violated the Plaintiffs' rights. During the preliminary injunction hearing, their own testifying expert, Dr. Halderman, envisaged only two possibilities that caused the 2016 election results—incorrect polls or cyber-attack. ECF 57 at 17, 28. He conceded that there was no evidence that anything was hacked. ECF 57 at 70. For Plaintiffs' testifying expert, the idea of broken machines did not even enter the realm of possibilities. This Court already concluded, after considering the extensive evidence at the preliminary injunction hearing that there is "compelling evidence that Pennsylvania's voting system was not in any way compromised," in the 2016 Presidential election. ECF 55 at 1. Thus, Plaintiffs have not shown even the plausibility that the Commonwealth counties' voting machines and/or voting systemp were compromised.[1]

---

[1] With Stein's poor showing in 2016, after running for presidency in both 2012 and 2016, we can only speculate that she will run for presidency a third time. White the Third Circuit in *Merle v. United States*, 351 F.3d 92, 95 (3d Cir. 2003), finds that an ex-candidate running unsuccessfully for a two-year term may be expected to run again in a future election, *Merle* predates *Ashcroft v. Iqbal's* plausibility requirement. 556 U.S. 662, 678 (2009). The possibility of Stein's running again remains only speculative. *See* Plaintiff's argument at ECF 88 at 14.

Lastly, Plaintiffs rely upon an interview by the Commonwealth's former Deputy Secretary for Elections who is currently the President of Verified Voting, a non-profit dedicated to verifiability in elections.  ECF 89.  She basically explains that all computers have a level of risk and that DREs (direct recording electronic) were adopted as a trade-off--lack of ambiguity (related to dangling chads or stray marks) for lack of verifiability. As president of Verified Voting, she advocates verifiability and claims that the risk of paper ballots is manageable.   The transcript of her interview that Plaintiffs reference is attached.  It does not suggest that Plaintiffs' votes were compromised and has no effect on the mootness issue.

For all the reasons previously asserted and asserted above, Plaintiffs do not get to first base even after amendment.  Therefore, this Court should dismiss Plaintiffs' Amended Complaint with prejudice, and deem[2] Plaintiffs' Cross Motion as moot, as set forth in the attached proposed order.

---

[2] Plaintiffs incorporate their initial cross-motion for summary judgment in which they request that their cross-motion be deemed withdrawn if it is not granted.

                                                    Respectfully submitted,

                                                    JOSH SHAPIRO
                                                    Attorney General

                                                    /s/ Sue Ann Unger
                                                    _____

| | |
|---|---|
| | Sue Ann Unger |
| Office of Attorney General | Senior Deputy Attorney General |
| 21 S. 12th Street, 3rd Floor | Attorney I.D. No. 39009 |
| Philadelphia, PA 19107 | |
| Phone:  215-560-2127 | Kenneth Joel |
| Fax:  717-772-4526 | Chief Deputy Attorney General |

## CERTIFICATE OF SERVICE

I, Sue Ann Unger, hereby certify that the Defendants' motion has been filed electronically on March 6, 2018, and is available for viewing and downloading from the Court's Electronic Case Filing System. Plaintiffs' counsel is on the Court's electronic email notice list and has thus been served.

|  |  |
|---|---|
|  | By:   /s/ Sue Ann Unger |
|  | Sue Ann Unger |
| Office of Attorney General | Senior Deputy Attorney General |
| 21 S. 12th Street, 3rd Floor | Attorney I.D. No. 39009 |
| Philadelphia, PA  19107 |  |
| Telephone:  (215) 560-2127 |  |
| Fax:  717-772-4526 |  |