# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JILL STEIN, RANDALL REITZ, ROBIN HOWE,
SHANNON KNIGHT, EMILY COOK, and
KIMBERLY KUPKA,

                       Plaintiffs,

                                                            No. 16-CV-6287

  v.

PEDRO A. CORTÉS, in his official capacity as
Secretary of the Commonwealth; and JONATHAN
MARKS, in his official capacity as Commissioner
of the Bureau of Commissions, Elections, and
Legislation,

                       Defendants.

## SETTLEMENT AGREEMENT AND RELEASE

### I.      INTRODUCTION

       1.      This private settlement agreement and release (the "Agreement") is entered into as of the date of the last signatory ("Effective Date"), among the plaintiffs, Jill Stein, Randall Reitz, Robin Howe, Shannon Knight, and Emily Cook;[1] and defendants Robert Torres, in his official capacity as Acting Secretary of the Commonwealth,[2] and Jonathan Marks, in his official capacity as Commissioner of the Bureau of Commissions, Elections and Legislation.

---

[1] Plaintiff Kimberly Kupka withdrew from this action by the filing of a Notice of Withdrawal with this Honorable Court on August 29, 2018.

[2] Defendant Pedro A. Cortes resigned the position of Secretary of the Commonwealth on October 10, 2017; Robert Torres was designated to serve as Acting Secretary of the Commonwealth on the same day.

## II.   VOTER-VERIFIABLE PAPER BALLOTS FOR EVERY VOTER

2.      The Secretary will only certify new voting systems for use in Pennsylvania if they meet these criteria:

    a.   The ballot on which each vote is recorded is paper[3];

    b.   They produce a voter-verifiable record of each vote; and

    c.   They are capable of supporting a robust pre-certification auditing process.

3.      The Secretary will continue to direct each county in Pennsylvania to implement these voting systems by the 2020 primaries, so that every Pennsylvania voter in 2020 uses a voter-verifiable paper ballot.

4.      To ensure that new voting systems meet the criteria set forth in Paragraphs #2-3, and to work collaboratively to further the parties' shared goal of promoting reliable and secure voting in Pennsylvania, a designee of Plaintiffs will be invited to observe the certification process.  To that end:

    a.   The Secretary shall ensure that the Plaintiffs are made aware of all currently scheduled, and future scheduled, Commonwealth on-site certification testing for Voting Systems;

    b.   Plaintiffs will appoint a person to attend any and/or all on-site certification testing undertaken by or on behalf of the Secretary, and the representative may provide written or oral comments to the Secretary concerning the certification of any Voting Systems at breaks during the on-site certification testing or within a reasonable period after completion of the on-site testing; and

---

[3] A VVPAT receipt generated by a DRE machine is not a paper ballot.

c.  To the extent there are periods during the on-site testing when proprietary information must be discussed among the vendor, the contracted testing examiner(s) and the Department of State, Plaintiffs' representative will be excused from the testing room.

## III.  ROBUST PRE-CERTIFICATION AUDITING

5.      The Secretary will direct each county to audit all unofficial election results using robust pre-certification audit methods to be determined based on the recommendations of a Work Group established by the Secretary, consistent with applicable statutory authority and the following principles:

a.  Pre-certification.  Audits must be completed before the election results are certified.

b.  Automatic.  Audits must happen automatically, without a request from voters or candidates.

c.  Best Practices.  Audits shall be conducted consistent with best practices in the field.

d.  Escalation.  If the initial audit fails to rule out a possible outcome-altering error with the requisite level of confidence, additional measures must be undertaken to ensure that there are no outcome-altering errors in the vote.

6.      The Work Group shall be formed by January 1, 2019, and shall complete its written report by January 1, 2020.

7.      Plaintiffs shall have the right to designate up to ten percent (10%) of the members of the Work Group, and at a minimum one person.

8.      The Secretary shall direct that pilot auditing occur in 2021, and that auditing be fully implemented by the 2022 general election.

## IV.   ATTORNEYS' FEES

9.      Defendants will pay to Plaintiffs $150,000.00 (One Hundred Fifty Thousand Dollars) in reasonable attorneys' fees and costs incurred in litigating this action through the execution of the agreement.  Said payment is a complete settlement of all fees and costs, and encompasses all fees and costs related to Plaintiffs' and their agents' participation in the process of certification of voting machines as delineated in this agreement, as well as Plaintiffs' and their agents' participation in the Work Group delineated in this agreement.  Said payment will be paid by means of one check made payable to the law firm of "Emery Celli Brinckerhoff & Abady LLP, as attorney." Defendants will submit the appropriate paperwork for issuance of the check to the Pennsylvania Bureau of Risk Insurance Management no later than 30 days after full execution of this Agreement.

## V.   ENFORCEMENT

10.     The parties agree that this Agreement between the parties must be considered a private settlement agreement, does not require court approval, and that the parties are not seeking Court approval.

11.     The parties agree that this Agreement may not be construed by either Party as a Consent Decree, nor shall any Party argue before any Court of competent jurisdiction, federal or state, that this Agreement is a Consent Decree.

12.     Should any Court determine during the term of the private settlement agreement that this Agreement is a Consent Decree, then the private agreement is voided and the parties agree that a petition to reopen the case may be filed.

13.     The Court shall retain jurisdiction to enforce the terms of this private Settlement Agreement. The parties agree to request the Court to enter an Order dismissing this case, but retaining jurisdiction solely to enforce the terms of this private Settlement Agreement.

14.     Prior to seeking specific performance from the Court, if Plaintiffs have a reasonable basis to believe that Defendants are in non-compliance with a material term of this Agreement, Plaintiffs will notify the Defendants in writing of the specific compliance issue(s). This notice shall identify with particularity the basis of the claim that the Defendants are not in compliance and the specific provisions of this Agreement that are implicated.

15.     Within thirty (30) days of receipt of the notification, the Defendants will provide a good-faith written response to the Plaintiffs' notification with a full factual explanation: (a) as to why the Defendants believe they are in compliance with the Agreement; or (b) of possible non-compliance and a statement of the Defendants' plans to ensure full compliance.

## VI.    NOTICE

16.     All notices required under this Agreement will be sent via electronic mail and overnight mail or overnight courier to the following people:

**If to the Plaintiffs:**

Emery Celli Brinckerhoff & Abady LLP
c/o Ilann M. Maazel
600 Fifth Avenue, 10th Floor
New York, NY  10020
imaazel@ecbalaw.com

**If to the Defendants:**

Department of State
c/o Timothy E. Gates
Office of Chief Counsel
306 North Office Building
401 North Street
Harrisburg, PA  17120-0500

tgates@pa.gov

## VII.   RELEASE AND DISCHARGE

17.     In consideration of the terms and conditions called for herein, the Plaintiffs release and completely and forever discharge the Defendants, the Department of State, the Secretary of the Commonwealth, and the Commonwealth of Pennsylvania, their agents, attorneys, servants, representatives, and employees, past and present, and their past, present and future agents, attorneys, servants, representatives, and employees and all other persons with whom any of the former have been, are now or may hereinafter be affiliated, of and from any and all past or present claims, demands, obligations, actions, causes of action, rights, damages, costs, expenses, and any claims for compensation or punitive or other damages of any type which relates to the subject matter of this civil action.  This release shall not prevent Plaintiffs from seeking court enforcement of the Agreement.

18.     Plaintiffs expressly waive any and all claims which relate to the subject matter of this civil action, but of which the Plaintiffs do not know or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise, and which if known would materially affect the Plaintiffs' decision to execute this Agreement.

19.     All parties acknowledge that they have had the opportunity to consult with counsel, and further acknowledge that they fully understand and agree to the terms of this Agreement.

## VIII.  NO ADMISSION

20.     It is understood and agreed that this settlement is a compromise of highly disputed claims, entered into to avoid further litigation.  Nothing contained herein shall constitute or be construed to constitute an admission by any part of the merits of claims or defenses which were,

or which might have been, asserted by an opposing party in the course of litigating the captioned action.  Nor shall anything contained herein constitute or be construed to constitute a concession by any party that it would not have prevailed on claims or defenses which were, or which might have been, asserted by it in the course of litigating the captioned action.  The settlement has no precedential value and may not be cited or relied upon by any person in any proceeding for any purpose.  It is not to be construed as an admission of liability on the part of any party being released hereunder, any such liability being expressly denied.

## IX.    MISCELLANEOUS PROVISIONS

21.    Plaintiffs represent and warrant that besides themselves, no other person or entity has or has any interest in the claims referred to in this Agreement, except as otherwise set forth herein; and that they have the sole right and exclusive authority to execute this Agreement.

22.    This Agreement contains the entire agreement between the parties with regard to the matters set forth herein and supersedes any and all prior agreements between the parties relating to all or part of the subject matter of this Agreement, and shall be binding upon and inure to the benefit of the successors and assigns of each from the Effective Date of this Agreement until December 31, 2022 (Expiration Date).

23.    This Agreement shall be construed and interpreted according to the law of the Commonwealth of Pennsylvania.

24.    If, subsequent to the Effective Date of this Agreement, any provision or term of this agreement is held to be invalid, illegal, unenforceable or in conflict with the law in any jurisdiction, the validity and legality of the remaining provisions will not be affected or impaired thereby.

25.    Any headings or subheadings used herein are for reference purposes only and do not affect the substantive provisions of the Agreement.

26.    This Agreement may be executed in counterparts, and a facsimile or .pdf signature shall be deemed to be, and have the same force and effect as, an original signature.

## X.    STIPULATION OF DISMISSAL

27.    The parties agree that they will sign and submit a stipulation of dismissal with prejudice pursuant to Fed.R.Civ.P 41(a)(1)(A)(ii) to the Court at the expiration of this Agreement.

Counsel for Plaintiffs:

_____

Ilann M. Maazel, Esq.
Douglas E. Lieb, Esq.
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
(212) 763-5000

Date: November __, 2018

_____

John G. Papianou, Esq.
Montgomery McCracken Walker & Rhoads
1735 Market Street
Philadelphia, PA 19103
(215) 772-7389

Date: November __, 2018

Counsel for Defendants:

_____

Sue Ann Unger, Esq.
Senior Deputy Attorney General
Stephen Kovatis, Esq.
Senior Deputy Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(215) 560-2127

Date: November __, 2018

_____

Timothy Gates, Esq.
Chief Counsel
Kathleen Kotula, Esq.
Executive Deputy Chief Counsel
Pennsylvania Department of State
306 North Office building
401 North Street
Harrisburg, PA 17120
(717) 783-0736

Date: November 28, 2018

Page 8 of 8

25.    Any headings or subheadings used herein are for reference purposes only and do not affect the substantive provisions of the Agreement.

26.    This Agreement may be executed in counterparts, and a facsimile or .pdf signature shall be deemed to be, and have the same force and effect as, an original signature.

## X.    STIPULATION OF DISMISSAL

27.    The parties agree that they will sign and submit a stipulation of dismissal with prejudice pursuant to Fed.R.Civ.P 41(a)(1)(A)(ii) to the Court at the expiration of this Agreement.


Counsel for Plaintiffs:                              Counsel for Defendants:


_____              _____
Ilann M. Maazel, Esq.                              Sue Ann Unger, Esq.
Douglas E. Lieb, Esq.                              Senior Deputy Attorney General
Emery Celli Brinckerhoff & Abady LLP      Stephen Kovatis, Esq.
600 Fifth Avenue, 10th Floor                     Senior Deputy Attorney General
New York, NY 10020                              1600 Arch Street, Suite 300
(212) 763-5000                                     Philadelphia, PA 19103
                                                        (215) 560-2127
Date: November ___, 2018
                                                        Date: November 28, 2018


_____              _____
John G. Papianou, Esq.                           Timothy Gates, Esq.
Montgomery McCracken Walker & Rhoads    Chief Counsel
1735 Market Street                                 Kathleen Kotula, Esq.
Philadelphia, PA 19103                            Executive Deputy Chief Counsel
(215) 772-7389                                     Pennsylvania Department of State
                                                        306 North Office building
Date: November ___, 2018                       401 North Street
                                                        Harrisburg, PA 17120
                                                        (717) 783-0736

                                                        Date: November ___, 2018


Page 8 of 8

25.     Any headings or subheadings used herein are for reference purposes only and do not affect the substantive provisions of the Agreement.

26.     This Agreement may be executed in counterparts, and a facsimile or .pdf signature shall be deemed to be, and have the same force and effect as, an original signature.

## X.     STIPULATION OF DISMISSAL

27.     The parties agree that they will sign and submit a stipulation of dismissal with prejudice pursuant to Fed.R.Civ.P 41(a)(1)(A)(ii) to the Court at the expiration of this Agreement.

Counsel for Plaintiffs:

Ilann M. Maazel, Esq.
Douglas E. Lieb, Esq.
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
(212) 763-5000

Date: November 28, 2018

John G. Papianou, Esq.
Montgomery McCracken Walker & Rhoads
1735 Market Street
Philadelphia, PA 19103
(215) 772-7389

Date: November 28, 2018

Counsel for Defendants:

Sue Ann Unger, Esq.
Senior Deputy Attorney General
Stephen Kovatis, Esq.
Senior Deputy Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(215) 560-2127

Date: November ___, 2018

Timothy Gates, Esq.
Chief Counsel
Kathleen Kotula, Esq.
Executive Deputy Chief Counsel
Pennsylvania Department of State
306 North Office building
401 North Street
Harrisburg, PA 17120
(717) 783-0736

Date: November ___, 2018

Page 8 of 8