IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL STEIN, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civ. No. 16-6287 |
| | : | |
| KATHY BOOCKVAR, | : | |
| *in her official capacity as Secretary of* | : | |
| *the Commonwealth of Pennsylvania,* | : | |
| et al., | : | |
| Defendants. | : | |

**O R D E R**

**AND NOW**, this 20th day of December, 2019, it is hereby **ORDERED** as follows:

1. Election Systems & Software, LLC's unopposed Motion for Leave (Doc. No. 130) to file an *amicus* brief is **GRANTED**. The brief attached to ES&S's Motion (Doc. No. 130) shall be deemed filed as of December 20, 2019.

2. The Philadelphia Board of Elections and the City of Philadelphia's Motion to Intervene is (Doc. No. 131) **GRANTED**. See Fed. R. Civ. P. 24(a)(2). The City has shown that: (1) it has a strong "interest in the litigation," the outcome of which could affect the rights of over 1,000,000 registered Philadelphia voters and jeopardize its multi-million dollar investment in 3,750 voting machines; (2) "a threat that [these] interest[s] will be impaired or affected, as a practical matter, by the disposition of the action"; and (3) "its interest is not adequately represented by" the Commonwealth, which neither paid for the voting machines, nor is responsible for ensuring polling places are adequately equipped. Pennsylvania v. President of the United States of Am., 888 F.3d 52, 57 (3d Cir. 2018). The brief attached to their Motion (Ex. A to Doc. No. 131) shall be deemed filed as of December 20, 2019.

3. Plaintiffs and Defendants may submit responses to the briefs filed by Intervenors and *Amicus Curiae* **no later than** **10:00 a.m. on Friday, December 28, 2019**.

4. An evidentiary hearing on Plaintiffs' Motion to Enforce the Settlement Agreement (Doc. No. 112) shall be held at **10:00 a.m. on Tuesday, January 21, 2020 in Courtroom 14A.** Legal argument will not be presented. Rather, the Parties should be prepared to call witnesses (and present evidence) who can address the following factual questions:

    a. What did the Parties to the November 28, 2018 Settlement Agreement mean when they employed the following terms in the Agreement: "paper ballot," "voter-verifiable record of each vote," and "capable of supporting a robust pre-certification auditing process";

    b. In the months leading up to the November 28, 2018 Settlement Agreement, what were the Parties' communications regarding the type of voting machine systems the Department of State was considering, and Plaintiffs' evaluation, comments, or criticisms of these systems;

    c. When did the Secretary first certify the ExpressVote XL system;

    d. When did Plaintiffs first object to the ExpressVote XL system;

    e. What did Plaintiffs know about the ExpressVote XL system when the Department of State apparently first considered it in September 2018;

    f. Does the challenged ExpressVote XL system's methods of collecting and tabulating votes comport with the Settlement Agreement;

    g. Why did Plaintiffs wait until November 26, 2019 to file their Motion to Enforce the Agreement; and

    h. What effect would granting Plaintiffs' Motion have on voting in the November 2020 Election.

5. Each Party shall submit, **<u>no later than</u> 12:00 p.m. on January 13, 2020**, a Pre-Hearing

Memorandum that should include a list of the witnesses the Party is likely to call at the January 21 hearing to address my questions.  Each Party should indicate whether the Party deems any witness potentially adverse.  Because Plaintiffs, as the moving Parties, will make their hearing presentation first, Defendants may seek to supplement their witness list after Plaintiffs have completed their hearing presentation;

6. If possible, the Parties should, in advance of the hearing, stipulate to the authenticity of documents that will be introduced at the hearing;

7. The Parties shall, **no later than** **12:00 p.m. on January 15, 2020**, also address whether hearing testimony will be required from the lawyers who negotiated the Agreement and subsequently monitored and addressed compliance questions.  The Parties should further address whether testifying would disqualify those lawyers and their firms from serving as counsel in these proceedings.  See Pa. R.P.C. 3.7(a) ("A lawyer shall not[, absent certain exceptions,] act as advocate at a trial in which the lawyer is likely to be a necessary witness.").

                                                **AND IT IS SO ORDERED.**

                                                */s/ Paul S. Diamond*
                                                _____
                                                Paul S. Diamond, J.