UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

JILL STEIN, RANDALL REITZ, ROBIN HOWE, SHANNON KNIGHT, and EMILY COOK,

    Plaintiffs,

-against-

KATHY BOOCKVAR, in her official capacity as Acting Secretary of the Commonwealth; and JONATHAN MARKS, in his official capacity as Commissioner of the Bureau of Commissions, Elections, and Legislation,

    Defendants.

No. 16-CV-6287 (PD)

---

**PLAINTIFFS' SUBMISSION IN OPPOSITION TO ATTORNEY DISQUALIFICATION**

Pursuant to the Court's December 20, 2019 Order (Dkt. #136), Plaintiffs make this submission in opposition to the disqualification of any attorneys appearing in this matter.

**I.  THE ADVOCATE-WITNESS RULE DOES NOT APPLY TO THESE PROCEEDINGS AT ALL**

The plain text of Pennsylvania Rule of Professional Conduct 3.7 is clear: "A lawyer shall not act as advocate *at trial* in which the lawyer is likely to be a necessary witness [barring exceptions]."  Pa. R. Prof'l Conduct 3.7(a) (emphasis added).  As the Commonwealth Court of Pennsylvania recently explained, the rule's principal purpose is to avoid confusing jurors by "blur[ring] the line between testimony and advocacy."  *Furst v. Easton Area Sch. Dist.*, No. 702 C.D. 2018, 2019 WL 2932308, at *6 (Pa. Commw. Ct. July 9, 2019); *accord Commonwealth v. Gibson*, 670 A.2d 680, 683 (Pa. Super. Ct. 1996); Pa. R. Prof'l Conduct 3.7 explanatory cmt. ¶ 2 ("[T]he tribunal has proper objection where the trier of fact may be confused by a lawyer serving as both advocate and witness.").

However, "[t]he risk of such confusion is absent in a bench trial," so the rule does not warrant disqualification in bench trials. *Furst*, 2019 WL 2932308, at *6.

Given the Court's extensive experience and the discrete nature of the factual questions presented, the Court is unlikely to be confused by attorneys appearing as witnesses. Indeed, the proceeding scheduled for January 21 before the Court is not even a "trial" at all. Pa. R. Prof'l Conduct 3.7(a). It is a limited evidentiary hearing concerning compliance with a settlement agreement and therefore falls beyond the scope of the Rule entirely.

Because the Court will not be confused, and this is a bench proceeding rather than a trial, the advocate-witness rule does not apply. No basis exists to disqualify any attorney for any party.

## II.   NO ATTORNEY APPEARING FOR PLAINTIFFS IN THIS ACTION IS A "NECESSARY" WITNESS AT THE UPCOMING HEARING

Even if the advocate-witness rule did apply, the rule would only contemplate disqualification of an attorney who was a "necessary" witness. *Id.* Testimony from Ilann M. Maazel, the only lawyer for Plaintiffs listed on another party's witness list, is not necessary to conduct the hearing.

To begin, there are significant limitations on the subject matter about which Mr. Maazel or any other attorney for Plaintiffs could properly testify at all. Counsel cannot, of course, testify to the content of any attorney-client communications, all of which are privileged. Counsel also cannot testify to his or her own undisclosed mental impressions and opinions formed in the course of settlement negotiations, or the legal strategy underlying the substance and timing of court filings, all of which are core attorney work product. *See In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003). To the extent counsel's undisclosed opinions and mental impressions were not work product, they would be irrelevant as a matter of Pennsylvania

law anyway.  Only outward manifestations of the parties' intent—not undisclosed private thoughts—are admissible as parol evidence to construe the Settlement Agreement.  *See Spatz v. Nascone*, 424 A.2d 929, 942 (Pa. Super. Ct. 1981); Plaintiffs' Prehearing Mem. (Dkt. #143) at 8.

Evidence other than counsel's testimony could just as easily be offered as to any matters about which counsel could properly be called upon to testify.  *See Caplan v. Braverman*, 876 F. Supp. 710, 712 (E.D. Pa. 1995) (declining to disqualify counsel where "better evidence than [her testimony] may be uncovered").  The written communications between the parties speak for themselves.  Magistrate Judge Rice witnessed all the parties' discussions during the settlement conference.  Sue Ann Unger, an attorney in the Attorney General's Office who has since withdrawn as litigation counsel, also participated in the relevant discussions.

Finally, as evidenced by the fact that Mr. Maazel is the only attorney listed on Defendants' witness list, there is no basis to conclude that *all* of Plaintiffs' counsel are "necessary" witnesses.

### III.    NO GROUNDS EXIST TO DISQUALIFY ANY FIRM

Rule 3.7 expressly permits other lawyers from the same firm to act as advocates in a proceeding in which their colleague will appear as a witness, unless forbidden by the rules governing conflicts with current or former clients.  *See* Pa. R. Prof'l Conduct 3.7(b).  "Determining whether or not such a conflict exists is primarily the responsibility of the lawyer involved." *Id.* explanatory cmt. ¶ 6.  Undersigned counsel have considered the issue and are unaware of any conflict of interest that would result from their providing truthful testimony about nonprivileged factual matters.

## IV.     PLAINTIFFS WILL ENSURE THE HEARING FUNCTIONS SMOOTHLY

Notwithstanding all of the foregoing, if Defendants do follow through with their stated intention to call Mr. Maazel as a witness, another attorney from Emery Celli Brinckerhoff & Abady LLP will question him. At no point will Plaintiffs have an attorney question himself or herself.

Dated:  January 15, 2020

EMERY CELLI BRINCKERHOFF &
ABADY LLP

_____/s/_____
Ilann M. Maazel, Esq.*
Douglas E. Lieb, Esq.*
600 Fifth Avenue, 10th Floor
New York, NY 10020
Phone: 212-763-5000
Fax: 212-763-5001
Email: imaazel@ecbalaw.com

* *Admitted pro hac vice*

MONTGOMERY McCRACKEN
WALKER & RHOADS LLP

John G. Papianou, Esq.
Brett Waldron, Esq.
1735 Market Street
Philadelphia, PA 19103
Phone: 215-772-7389

*Attorneys for Plaintiffs*
