IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL STEIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KATHY BOOCKVAR, in her official capacity as Secretary of the Commonwealth, and JONATHAN MARKS, in his official capacity as Commissioner of the Bureau of Commissions, Elections and Legislation, <br><br> Defendants. | CIVIL ACTION <br><br> No. 16-cv-6287(PD) |

**[PROPOSED] ORDER**

AND NOW, this _____ day of January, 2020, upon consideration of the Intervenors' Motion *in Limine* to limit testimony and evidence submitted by Plaintiffs at the January 21, 2020 evidentiary hearing, it is hereby ordered that the Motion is GRANTED, and Plaintiffs are prohibited from submitting evidence or testimony, questioning, referring to, or mentioning:

(1) The Philadelphia City Controller's voting technology procurement investigation and the accompanying Report; and

(2) Details of the City of Philadelphia's selection and acquisition of the current voting system other than the timeline under which that system was procured and implemented.

_____
Paul S. Diamond, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL STEIN, et al.,<br><br>                              Plaintiffs,<br><br>      v.<br><br>KATHY BOOCKVAR, in her official capacity as Secretary of the Commonwealth, and JONATHAN MARKS, in his official capacity as Commissioner of the Bureau of Commissions, Elections and Legislation,<br><br>                              Defendants. | CIVIL ACTION<br><br>No. 16-cv-6287(PD) |

**INTERVENORS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND EVIDENCE REGARDING THE SUBSTANCE OF AND CONTROLLER'S INVESTIGATION AND REPORT CONCERNING PHILADELPHIA'S SELECTION OF THE EXPRESSVOTE XL**

Intervenors, the Philadelphia County Board of Elections and the City of Philadelphia (together, "Intervenors"), by and through their undersigned counsel, move *in limine* for this Court to enter an order barring, precluding, and prohibiting Plaintiffs from submitting evidence or testimony, questioning, or mentioning

1. the Philadelphia City Controller's voting technology procurement investigation and the accompanying Report; or

2. details of the City of Philadelphia's selection and acquisition of the current voting system other than the timeline under which that system was procured and implemented

during the evidentiary hearing on Plaintiffs' Motion to Enforce the Settlement Agreement (ECF 112), to be held on January 21, 2020, and precluding Plaintiffs, their counsel, and their witnesses

from referring to such evidence during the hearing. The grounds for this motion are set forth in the accompanying Memorandum of Law.

WHEREFORE, Intervenors respectfully request that the Court grant Intervenors' Motion *in Limine*.

|  |  |
|---|---|
|  | CITY OF PHILADELPHIA LAW DEPARTMENT<br>Marcel S. Pratt, City Solicitor |
| Date: January 15, 2020 | By: /s/ Benjamin H. Field<br>BENJAMIN H. FIELD (PA ID No. 204569)<br>Divisional Deputy City Solicitor<br>DANIELLE WALSH (PA ID No. 312438)<br>Deputy City Solicitor<br>MICHAEL PFAUTZ (PA ID No. 325323)<br>Assistant City Solicitor<br>Affirmative & Special Litigation<br>CITY OF PHILADELPHIA LAW DEPARTMENT<br>1515 Arch Street, 15th Floor<br>Philadelphia, PA 19102<br>Phone:   (215) 683-5024 |
|  | *Counsel for Intervenors* |

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL STEIN, et al.,<br><br>                                   Plaintiffs,<br><br>v.<br><br>KATHY BOOCKVAR, in her official capacity as Secretary of the Commonwealth, and JONATHAN MARKS, in his official capacity as Commissioner of the Bureau of Commissions, Elections and Legislation,<br><br>                                   Defendants. | CIVIL ACTION<br><br>No. 16-cv-6287(PD) |

**MEMORANDUM OF LAW IN SUPPORT OF
INTERVENORS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND
EVIDENCE REGARDING THE SUBSTANCE OF AND CONTROLLER'S
INVESTIGATION AND REPORT CONCERNING PHILADELPHIA'S SELECTION OF
THE EXPRESSVOTE XL**

**I.    INTRODUCTION**

Less than a year before the 2020 General Election, Plaintiffs brought their motion to enforce the settlement agreement in this case seeking to compel the Commonwealth to decertify the voting system Philadelphia procured in 2019 and used in the November 2019 General Election.  Plaintiffs' requested relief would have the effect of prohibiting Philadelphia from using its voting system and require Philadelphia to have in place completely new system and election day procedures for the upcoming Presidential Election.  The City of Philadelphia and the Philadelphia County Board of Elections (collectively, "Philadelphia"), moved to intervene because of the effect Plaintiffs' requested relief would have on Philadelphia voters in the coming elections as well as the impact on Philadelphia's resources, past efforts, and finances given Plaintiffs' severe delay in bringing their motion.  Plaintiffs opposed Philadelphia's intervention,

3

in part on the ground that Philadelphia's selection of the ExpressVote XL was somehow improper, citing a report by the Philadelphia City Controller.

This Court granted Philadelphia's intervention and set an evidentiary hearing for January 21, 2020 [ECF 136] to address specific factual questions including the effect of granting Plaintiffs' Motion on voting in the November 2020 election. While the steps and corresponding time required for the procedure through which Philadelphia procures voting systems are relevant to this topic, the substantive reasons Philadelphia selected the ExpressVote XL (and criticism thereof) are not relevant to that topic or any other specified by the Court. Given Plaintiffs' previous proffer of this irrelevant information and the Court's specific instructions regarding the relevant factual questions, Intervenors move *in limine* to exclude any evidence or inquiry into the substance of Philadelphia's procurement of the ExpressVote XL as irrelevant and beyond the scope of the hearing.

## II. LEGAL ARGUMENT

The Court should preclude any testimony of evidence regarding the substance of Philadelphia's selection of the ExpressVote XL. In its December 20, 2019 Order [ECF 136], the Court detailed the relevant factual questions for the upcoming hearing as follows:

   a. What did the Parties to the November 28, 2018 Settlement Agreement mean when they employed the following terms in the Agreement: "paper ballot," "voter-verifiable record of each vote," and "capable of supporting a robust pre-certification auditing process";

   b. In the months leading up to the November 28, 2018 Settlement Agreement, what were the Parties' communications regarding the type of voting machine systems the Department of State was considering, and Plaintiffs' evaluation, comments, or criticisms of these systems;

   c. When did the Secretary first certify the ExpressVote XL system;

   d. When did Plaintiffs first object to the ExpressVote XL system;

4

      e.  What did Plaintiffs know about the ExpressVote XL system when the Department of State apparently first considered it in September 2018;

      f.  Does the challenged ExpressVote XL system's methods of collecting and tabulating votes comport with the Settlement Agreement;

      g.  Why did Plaintiffs wait until November 26, 2019 to file their Motion to Enforce the Agreement; and

      h.  What effect would granting Plaintiffs' Motion have on voting in the November 2020 Election.

Plaintiffs' briefs in this matter included evidence and argument unrelated to these questions. Specifically, Plaintiffs critiqued Philadelphia's decision to procure the ExpressVote XL voting machines at length in their Response to Philadelphia's briefing [ECF 140] and attached the Philadelphia City Controller's Voting Technology Investigation Report (the "Report") critiquing the process as moving too fast. [*Id.*, ex. A.]  And instead of identifying witnesses in their Pre-Evidentiary Hearing Memorandum [ECF 143] who could address the effect decertifying the ExpressVote XL might have on the 2020 General Election, Plaintiffs sought leave to call their undisclosed witnesses only after the City's presentation. When Intervenors raised this issue with Plaintiffs during a telephone conference on January 10, 2020, Plaintiffs indicated only they did not *anticipate* introducing evidence on Philadelphia's past procurement process.

      The Controller's Report and, more generally, any evidence or inquiry into the substantive reasons Philadelphia selected the ExpressVote XL are not relevant to this hearing. These topics have no bearing on the Parties' interpretation and compliance with the Settlement Agreement and impact decertification *now* would have on the 2020 General Election. The only aspects of the selection and procurement process of the ExpressVote XL that may be relevant are the timeline for and required steps in the process because they bear on the procurement process Philadelphia

may need to undertake were the Court to order that the ExpressVote XL be decertified.[1] Similarly, the necessary steps, and corresponding timeline, for the Philadelphia County Board of Elections to implement a new voting system would also be relevant to the Court's question regarding the impact of such a change on the November 2020 General Election. While these procedural aspects of procurement and implementation of the ExpressVote XL are relevant to the Court's inquiry, the substantive decision to select the ExpressVote XL is not, and any evidence or inquiry into the substantive aspects of the procurement should be excluded.

Given Plaintiffs' positions in this litigation and Plaintiffs' ambiguous response, Intervenors believe the relief requested here is appropriate. Plaintiffs' requested relief has shifted from immediate decertification of the ExpressVote XL [ECF 112 at 13] to decertification of the ExpressVote XL before the 2020 general election [ECF 133 at 15] to – most recently in their Pre-Evidentiary Hearing Memorandum – decertification on "an appropriate timetable to avoid disruption to impending elections". [ECF 143 at 4]. These changes in Plaintiffs' position as well as Plaintiffs' ambiguous indication of their factual presentation impacts Intervenors' preparation of their presentation. Given Plaintiffs' approach, and Intervenors' need to adequately prepare its evidentiary presentation, it is essential and appropriate for the Court to reinforce what it deems to be relevant, permissible evidence for the evidentiary hearing.

---

[1] That is why Intervenors and Defendants addressed portions of the ExpressVote XL procurement process in opposing Plaintiffs' motion. (*E.g.*, Nesmith-Joyner Decl. [ECF 123-3]). While Intervenors cited to the incredible expenditure on new voting machines as an interest for intervention [ECF 131 at 11], laches attaches from the Plaintiffs' delay in filing and Philadelphia needing to implement a new voting system in an unreasonable timeframe, regardless of the previous procurement expense.

## III.  CONCLUSION

For the foregoing reasons, Intervenors respectfully request that this Court grant the Intervenors' Motion *in Limine* and exclude testimony and evidence of the City Controller's investigation and report and the ExpressVote XL selection and procurement process, other than information regarding the timeline required for that process, from the January 21, 2020 evidentiary hearing.

Respectfully submitted,

CITY OF PHILADELPHIA LAW DEPARTMENT
Marcel S. Pratt, City Solicitor

Date: January 15, 2020

By: /s/ Benjamin H. Field
BENJAMIN H. FIELD (PA ID No. 204569)
Divisional Deputy City Solicitor
DANIELLE WALSH (PA ID No. 312438)
Deputy City Solicitor
MICHAEL PFAUTZ (PA ID No. 325323)
Assistant City Solicitor
Affirmative & Special Litigation
CITY OF PHILADELPHIA LAW DEPARTMENT
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
Phone:   (215) 683-5024

*Counsel for Intervenors*

7

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I served a true and correct copy of the foregoing Motion *in Limine* upon all counsel of record via ECF system and the foregoing document is available for viewing and/or downloading pursuant to the Court's ECF system and is served pursuant to FRCP Rule 5(b) and Local Civil Rule 5.1.2.


BY:   /s/ Michael Pfautz
      Assistant City Solicitor


Dated: January 15, 2020