**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**

ATTORNEYS AT LAW / A PROFESSIONAL CORPORATION

One Logan Square
27th Floor
Philadelphia, PA 19103
215.568.0300/facsimile
www.hangley.com

PHILADELPHIA, PA
CHERRY HILL, NJ
HARRISBURG, PA
NORRISTOWN, PA

Robert A. Wiygul
Direct Dial: 215-496-7042
E-mail: rwiygul@hangley.com

February 13, 2020

**VIA ECF AND HAND DELIVERY**

The Honorable Paul S. Diamond
United States District Court for the
  Eastern District of Pennsylvania
6613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   *Stein v. Boockvar*, Civil Action No. 16-6287(PD)

Dear Judge Diamond:

In anticipation of the evidentiary hearing on Tuesday, February 18, 2020, the parties have discussed several housekeeping/administrative matters, set forth below, on which we would appreciate the Court's guidance. The parties are available for a telephone conference later this week if the Court believes that would be useful. Where the parties have a different view on an issue, they are listed separately below as Plaintiffs or Defendants.

**Sequestration.** Defendants and Intervenors are not requesting that witnesses be sequestered. In addition, Defendants and Intervenors note that it would be difficult to apply any sequestration rule even-handedly, given that Plaintiffs' counsel, Mr. Maazel, may be a witness during Defendants' case in chief but intends to act as counsel during Plaintiffs' case in chief.

**Order of Witnesses.** The parties agree Plaintiffs will identify to defense counsel, by 5:00 p.m. on Friday, February 14, 2020, the order in which they intend to call witnesses during their case in chief. This information will help both sides plan for an efficient presentation of testimony, as Plaintiffs intend to call several of Defendants' witnesses during Plaintiffs' case in chief. *See* ECF 162. In addition, this will allow Defendants and Intervenors to mitigate the impact of the schedule on high-level government officials by providing some specificity as to when their testimony may be required.

**Scope of Examination.** Defendants and Intervenors suggest, with the Court's permission, that the cross-examinations of witnesses called during Plaintiffs' case in chief

The Honorable Paul S. Diamond
February 13, 2020
Page 2

should not be limited to the scope of the direct examinations. **Plaintiffs** suggest, with the Court's permission, that the cross-examinations of *all* witnesses should not be limited to the scope of the direct examinations. **Defendants and Intervenors** disagree with Plaintiffs' suggestion: If Defendants or Intervenors call a witness for the first time during their case in chief (either because Plaintiffs elected not to call that witness during their case in chief or were precluded from doing so because the witness was not identified on Plaintiffs' witness list), Plaintiffs should not, Defendants and Intervenors submit, be able to cross-examine that witness beyond the scope of the direct examination. The parties believe that no witness should have to testify more than once.

<u>Exhibits.</u> **The parties** have assembled a joint list of exhibits, each of which is referenced in the Factual Stipulations (ECF 167). We are planning to submit these exhibits to the Court later today or tomorrow in hard-copy binders as well as electronic form. The parties are planning to pre-mark other exhibits they may use in separate volumes (labeled as PX 1001, 1002, etc., and DX A, B, etc.). We would appreciate Your Honor's guidance on whether we should provide copies of these additional potential exhibits to the Court prior to the hearing.

<u>Allocation of Time.</u>  The parties believe they would benefit from knowing in advance if the Court has a particular time-allocation method to which it would like the parties to adhere. As noted, Plaintiffs' intention is to call the vast majority of the defense witnesses in their case-in-chief, which may leave few witnesses in Defendants' case-in-chief.

In addition, given the number of witnesses identified by the parties (eight altogether), and the topics on which the Court has asked for evidence, **Defendants** have doubts that the hearing can be completed in one 5-hour trial day.

**Plaintiffs** believe the hearing should last less than a full day and are prepared for a trial day in excess of 5 hours if for some reason that should be necessary.

We thank the Court for its consideration of these matters.

Respectfully,

Robert A. Wiygul

The Honorable Paul S. Diamond
February 13, 2020
Page 3


cc:    Ilann M. Maazel, Esquire
       Douglas E. Lieb, Esquire
       John G. Papianou, Esquire
       Benjamin Field, Esquire
       Mark A. Aronchick, Esquire
       Christina C. Matthias, Esquire
       Joe H. Tucker, Esquire
       Dimitrios Mavroudis, Esquire
             (all via ECF)