# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL STEIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KATHY BOOCKVAR, in her official capacity as Secretary of the Commonwealth; and JONATHAN MARKS, in his official capacity as Commissioner of the Bureau of Commissions, Elections, and Legislation, <br><br> Defendants. | CIVIL ACTION NO. 16-CV-6287 (PD) |

**AMICUS ELECTION SYSTEMS & SOFTWARE, LLC'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
PROPOSED CONCLUSIONS OF LAW**

Amicus Election Systems & Software, LLC ("ES&S"), by and through its undersigned counsel, respectfully submits this very brief and narrowly focused memorandum in opposition to Plaintiffs' proposed conclusions of law.

ES&S is not seeking reconsideration of this Court's ruling denying the attempted filing by ES&S of its own proposed Findings of Fact. Instead, this memorandum is limited solely to responding to a material and brazen textual reference (and its footnote) on page 19 of Plaintiffs' memorandum and related proposed finding (¶ 190). Specifically, Plaintiffs erroneously assert that ES&S unquestionably would bear financial costs arising from a Court-ordered decertification. In a statement flatly contradicted by the evidence, Plaintiffs assert that "[n]either Defendants nor Intervenors have ever presented any evidence or argument to the contrary.[4]" Not content with this misstatement, Plaintiffs continue in footnote 4 as follows: "Nor has ES&S, which has appeared as *amicus* and had counsel present at the entire hearing." Plaintiffs also add in their proposed findings an attempt to draw a negative inference from ES&S participating as

amicus.  *See* Plaintiffs' Proposed Finding ¶ 190 ("ES&S did not seek to intervene in these proceedings, is not a party to these proceedings, and does not claim that it has suffered any prejudice as a result of any alleged delay by Plaintiffs.").

That Plaintiffs could make such inconceivable and erroneous assertions is striking for two reasons.

First, it is striking because Plaintiffs, after acknowledging ES&S's amicus status, accuse ES&S of not offering any evidence or argument on this issue despite ES&S counsel being present in Court.  Speaking out of both sides of their mouths, Plaintiffs make this misguided argument literally within days of vigorously and successfully opposing ES&S's efforts to do just that—be heard on this and other ES&S-related issues (ES&S's proposed Findings of Fact).  Plaintiffs simply cannot have it both ways.

Second, it is striking because ES&S certainly does not agree, and in fact vigorously disagrees, that a decertification of the ExpressVote XL by judicial decree would trigger indemnification obligations on the part of ES&S, and Plaintiffs' suggestions to the contrary—purportedly based on ES&S counsel attending court proceedings—are unfounded.  Plaintiffs admit that "no one from Philadelphia appears to have been aware" of Plaintiffs' self-serving reading of the contract (ECF 180 at 19), and Defendants have unequivocally stated in their own filing of March 23, 2020 (ECF 187 at 6) that what Plaintiffs call "undisputed" is very much disputed.  Furthermore, ES&S has already disputed indemnification in its unopposed amicus brief when it detailed the costly and lengthy process a new procurement and implementation would involve for the City.  *E.g.*, ECF 130 at 6-8 (unopposed ES&S amicus brief).

Plaintiffs bear the burden in this motion, but never sought testimony from anyone at ES&S (Dean Baumert, head of product development at ES&S, was a witness called by the

Defendants), nor did it call any of its own witnesses on this issue.  Had Plaintiffs sought testimony from someone at ES&S on the subject of the contract, Plaintiffs would have heard from the stand what ES&S has already put in writing and what the Court already acknowledged: ES&S does not agree that a decertification by judicial decree would trigger indemnification obligations, and if Intervenors took a different position, a dispute would arise.  *See* 2/19/20 Tr. 322:19-20 (Court's recognition that litigation over the question of indemnification would be likely).  Plaintiffs cannot fail to call an ES&S witness, fail to meet their burden, then vigorously oppose a filing by ES&S on this and related issues, and then attempt to draw a negative inference from ES&S counsel's presence as amicus at the hearing.  No case supports such a bizarre attempt to attack a non-party whose same filings Plaintiffs have successfully opposed, and indeed Plaintiffs cite none.

Plaintiffs' contentions on page 19 of their memorandum and paragraph 190 of their proposed findings, like the balance of those documents, should be rejected.

                                              Respectfully submitted,

                                              **DUANE MORRIS LLP**

Dated:  March 26, 2020                  /s/ Alan C. Kessler
                                              Alan C. Kessler (22230)
                                              Luke P. McLoughlin (312769)
                                              Andrew R. Sperl (311467)
                                              30 South 17th Street
                                              Philadelphia, PA  19103
                                              215.979.1000 / 215.979.1020 (fax)

                                              *Counsel for Election Systems & Software, LLC*